Cheswick Borough, Appellant, *v.* Bechman et al.

Argued March 20, 1945.  Before Maxey, C. J., Drew, Linn, Stern, Patterson and Jones, JJ.

*Robbin B. Wolf*, with him *Robert H. Ireland* and *Louis Vaira*, for appellant.

*Edward G. Bothwell*, with him *Con F. McGregor*, for appellee.

Opinion by Mr. Justice Patterson, April 12, 1945:
This is a bill in equity by the Borough of Cheswick, appellant, to restrain Hermine Bognar, trading as Allegheny Sand and Loam Company, and Edwin J. Bognar from using certain lands for the purpose of removing therefrom sand and loam, in violation of the Borough's Zoning Ordinance; to restrain the operation of a sand screening machine alleged to constitute a nuisance; and to restrain Beatrice M. Bechman, appellee owner, from

contracting with any person for use of the said land in violation of the Borough's Zoning Ordinance. Answers were filed denying all material allegations and averring that the operation was the continuance of a pre-existing use in effect at the time of the adoption of the Ordinance; that the rotary screen was not a structure within the meaning of the Building Code and that its operation was not a nuisance; and, requesting that the bill be dismissed. After a hearing, the chancellor entered a decree granting the prayer of the bill for the reason that the present operation was not the continuance of a pre-existing use. This appeal is from the decree of the court *en banc* sustaining exceptions to the said decree, and dismissing the bill.

Prior to 1938 Beatrice M. Bechman, appellee, had been and is now the owner of a tract of approximately fourteen acres of land in the Borough of Cheswick. In 1938 said Bechman leased said land to one Sidwell for the purpose of a sand and sand loam business. On July 20, 1940, appellant Borough enacted a Zoning Ordinance which placed this tract in the residential zone. The Ordinance provided, however, for non-conforming uses.* On October 1, 1942, the sand and loam business was transferred to the Bognars. Said agreement required them to pile the unused ground and use it to level the surface of the land, and also to remove loam, sand, and gravel in such a manner as to leave proper support for adjoining property. The extent of the actual use of the tract by Sidwell prior to the adoption of the Zoning Ordinance did not exceed four to six feet in depth although he had the right to remove so much of the sand as he could market. Included within the tract of land is

---

* Article 5. Non-conforming Uses. Section 13-(a). The lawful use of land existing at the time of the adoption of this ordinance, although such use does not conform to the provisions hereof, may be continued; but, if such non-conforming use is discontinued, any future use of said land shall be in conformity with the provisions of this ordinance.

a small parcel formerly owned by one Strayer. Sidwell's operation was limited by Bechman to three or four acres of ground. The Bognars have greatly extended the operations in depth and area. Sidwell excavated the sand and sand loam and processed it at his plant in Springdale Township. The present operators screen the material by means of a mechanical device known as a "rotary screen", supported by four poles placed upon movable blocks of concrete. Sidwell kept the location well drained, but the Bognars do not. Appellant filed no exceptions to the chancellor's findings of fact or conclusions of law. The chancellor's decree was based solely upon the ground that there had not been a continuance of a pre-existing use. The court *en banc* reversed this conclusion and further determined that the operation of the business did not constitute a nuisance and that the rotary screen was not a structure within the meaning of the Building Code.

There are two primary factors in an existing use for business purposes, "(a) construction or adaptability of a building or room for the purpose, and (b) employment of the building or room or land within the purpose": *Haller Baking Company's Appeal*, 295 Pa. 257, 261. The prohibition of the Ordinance is directed to new uses; it imposes no restraint upon broadening the scope of the existing use. "Neither the extent, quantity nor quality of the use is mentioned, but only that it must exist": *Haller Baking Company's Appeal*, supra, 261. The business carried on was the excavation of loam and sand loam. It is not essential that the use, as exercised at the time the Ordinance was enacted, should have utilized the entire tract. To so hold would deprive appellees of the use of their property as effectively as if the Ordinance had been completely prohibitive of all use. This result could not have been intended. Cf. *Valicenti's Appeal*, 298 Pa. 276; *Huebner v. Philadelphia Sav. F. Soc.*, 127 Pa. Superior Ct. 28. That modern and more effective instrumentalities are used in the business will not bring it

within the prohibition of the Ordinance if in fact there was an existing use, provided these are ordinarily and reasonably adapted to the carrying on of the existing business: *Haller Baking Company's Appeal,* supra. Nor is it material that at some future time the use for which the property was intended was that of building homes. It is not the present intention to put property to a future use but the present use of the property which must be the criterion. The record contains ample evidence to support the conclusion of the court below that the present use is a continuation of the use existing at the time of the enacting of the Ordinance.

Appellant has sought equitable relief for the reason that the operation of the business constitutes a nuisance, relying upon testimony regarding noise, unnecessary dust, and the existence of pools of water, occasioned by the digging of deep pits into the veins of sand and sand loam. The issuance of an injunction is a matter resting primarily within the discretion of the court. There is nothing in the record to warrant a conclusion that the finding that a nuisance does not exist is arbitrary and capricious.

Appellant's contention that the rotary screen constitutes a structure within the meaning of the Building Code is without merit. The chancellor has found that it is a movable piece of machinery, and appellant took no exception to this finding.

The decree of the court below is affirmed. Costs to be paid by appellant.