William H. Thayer and Josephine Thayer, Appellants, *v.* Lower Milford Township and Lower Milford Township Zoning Hearing Board, Appellees.

Argued October 11, 1974, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*James E. DelBello,* with him *John P. Trevaskis, Jr.* and *Trevaskis, Doyle, Currie, Nolan & Bunting,* for ap pellants.

*Edward H. McGee,* for appellees.

OPINION BY JUDGE MENCER, December 12, 1974:

This appeal is from an order of the Court of Common Pleas of Lehigh County which dismissed the appeal of William H. Thayer and Josephine Thayer (appellants) from a decision of the Zoning Hearing Board of Lower Milford Township denying the appellants a variance to permit certain portions of their land to be used as a tractor-trailer repair facility.

The scope of our review in a zoning case where, as here, the lower court has taken additional testimony is limited to a determination of whether or not the decision of the lower court manifests an abuse of discretion or an error of law. *Simmers v. Rorer*, 12 Pa. Commonwealth Ct. 37, 315 A. 2d 364 (1974). Our review of the lower court's findings of fact and the underlying record reveal neither an abuse of discretion nor an error of law.

Therefore, we affirm and adopt the able opinion of Judge BACKENSTOE which correctly sets forth the applicable law and fully explains the reasons for the order under challenge here.

OPINION BY BACKENSTOE, Judge:

"This is an appeal from a decision of the Zoning Hearing Board of Lower Milford Township, Lehigh County, denying to the appellants a variance to permit certain portions of their land to be used as a tractor-trailer repair facility. The land is located in an R-45 residential district and under the terms of the zoning ordinance such use would be prohibited. The appellants had previously applied to the zoning officer for a variance based on a nonconforming use and were denied.

"The issues raised are: (1) whether or not the zoning hearing board erred in refusing to grant the variance requested by appellants; (2) whether or not the zoning hearing board erred in refusing to permit the present use of the property as a valid and normal ex-

pansion of a nonconforming use; and (3) whether the zoning ordinance excludes from the township the use in which the appellants are presently engaged, and if so, is such an expansion constitutional?

"Since additional testimony was presented to the court in this case, we will review the matter de novo and determine the case on its merits. Richman v. Philadelphia Zoning Board of Adjustment, 391 Pa. 254, 137 A. 2d 280 (1958). Nevertheless, the testimony that was presented to the court was quite limited and after careful review of the testimony which was presented to the hearing board, we are satisfied that the findings of fact made by the board are amply supported by the evidence and with the exception of certain points hereinafter noted, we adopt them as the findings of this court. These facts are as follows: On July 27, 1967 Lower Milford Township enacted the zoning ordinance in question. The subject property is located in an R-45 residential district. Permitted uses include single family detached dwellings, two family dwelling sectional ranch houses, multiple dwelling buildings if located within a planned residential development, crop farming, commercial green houses, road side stands, planned residential developments, churches, public utility buildings or structures, grazing and pasturing, and other uses not here pertinent. On October 19, 1970 the appellants purchased the ground in question. This ground consists of two parcels located on either side of Grant Road, the parcel on the eastern side measuring in excess of sixty-four acres and the tract on the west side measuring in excess of nine acres. Prior to the purchase of the property by appellants, the land was owned by the Hugo family. Forrest Hugo testified that he had lived on the 'farm' up until the time his mother sold the property to the Thayers. For a period of twenty years, he had used the premises in the business of general repair of automobiles, farm tractors and other farm equipment

and that he also, during this period, had worked on tractor-trailers for one man. Although he had another full time job, this business was not, in his opinion, a part time thing. During the period that he conducted this business, he limited his work to the immediate area surrounding the farmhouse and other outbuildings and never permitted more than four or five pieces of equipment at any one time on the property. The Hugo repair business was always conducted on the east side of Grant Road and at no time was the area located on the west side of the road ever so used.

"Subsequent to the purchase of both tracts of ground by the appellants in October of 1970, Mr. Thayer started to park trailers on the property and since 1972 the storage of same has increased dramatically. On January 3, 1973 sixty trailers were stored there. On March 10, 1973 seventy trailers were counted. On March 26, 1973, the date of the hearing, Mr. Thayer admitted that seventy-five trailers were parked on the property. The appellants employ twelve men in their repair and reconditioning business. While some of the trailers parked on the property are new, the great bulk are used.*

"* Mr. Thayer estimated that the average length of time which a trailer would remain on the property was eighteen to twenty days.

"Because of these developments, communications took place between various township officials and the appellants, which has led to the instant application for a variance. Prior to this application, the appellants had applied to the Planning Commission to have the six acres of land located on the east side of Grant Road rezoned and this request was denied by the Commission at a hearing on October 11, 1972.

"Mr. Thayer, in his petition for a variance, seeks permission to use five and a half acres of the east side of the road for trailer repair and storage and one-half acre of the west side of the road for the same purpose. The

area surrounding the properties in question consists of private homes, farms and residential developments. There is no evidence of any type of commercial or industrial use in the general area. At the hearing itself, several neighbors appeared on behalf of the appellants stating that they had no objection to the granting of the variance or the use of the property as a trailer park. Other neighbors appeared and testified that they objected most vigorously to such use contending that the permanency of such a commercial activity would be highly detrimental to a residential neighborhood, not only because of the unsightly appearance but also because of the noise and traffic created by the frequent ingress and egress of tractor-trailers.

"The only additional testimony presented to the court was that of a real estate broker, who testified that in his opinion the land would be expensive to develop as a residential area. He conceded that it could in fact be used for any of the permitted uses allowed in an R-45 residential zone.

"With respect to the general law of variance, it is clear that the criteria which the board and the court must consider in determining the propriety of a granting of a variance are contained in the Pennsylvania Municipalities Code, Section 912, 53 P.S., Section 10912. We do not think it an unfair statement to say that the appellants have failed to qualify under any one of these criteria. Appellants have presented some testimony to the effect that it would be difficult to develop the land as a residential area. We think the weight to be given this testimony is questionable. The court inspected the subject property and we simply do not believe there is any real problem in developing this property as a residential area if the owners were so inclined. 'It is well established that a variance should be granted only where it is not contrary to the public interest and where the property involved is subjected to an unnecessary

hardship unique or peculiar to itself, and not to general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance. Nothing less than a showing of hardship, special and peculiar to the property involved, will empower the zoning board to permit a variance: Michener Appeal, 382 Pa. 401, 115 A. 2d 367 (1955); Smolow v. Zoning Board of Adjustment, 391 Pa. 71, 137 A. 2d 251 (1958). The authority of the board is not an arbitrary one and it may grant a variance only for reasons that are " ' "substantial, serious, and compelling" ' ": Ventresca v. Exley, 358 Pa. 98, 100, 56 A. 2d 210 (1948).' Magrann v. Zoning Board of Adjustment, 404 Pa. 198, 170 A. 2d 553 (1961).

"Applying these standards as we must to the instant case, there is simply no basis upon which the court can grant the relief requested. The zoning ordinance controlling the use of appellants' land was in effect for several years prior to their purchase. Accordingly, they were on notice of the limitations and restrictions which had been imposed on the use of the land, therefore any hardship of this type caused to them by these restrictions is self-inflicted and consequently the relief sought cannot be granted. Pa. Municipal Planning Code, Section 912(3); 53 P.S., Section 10912(3). Volpe Appeal, 384 Pa. 374, 121 A. 2d 97.

"Appellants argue that the zoning ordinance of Lower Milford Township, as it applies to trailer repair parks, is unconstitutional because it does not permit such use in the township. We do not agree. In our opinion, a trailer park would qualify as a 'non-nuisance industry,' a permitted use in industrial districts pursuant to Section 641.2 of the statute and might very well qualify as a public garage, a special exception use permitted in commercial districts as well as in industrial districts. Consequently, we find this contention without out merit.

"It is obvious in reviewing appellants' brief that the primary basis upon which they seek a variance is that appellants' business is merely a reasonable expansion of a nonconforming use.

"In reviewing this contention, we are not unmindful of the fact that the right of natural expansion of a nonconforming use is essentially a constitutional right protected by the due process clause. The right to expand nonconforming uses to meet natural business expansion is necessary to protect the original property interest in the tract. Schiller-Pfeiffer, Inc. v. The Upper Southampton Township Board of Adjustment, 1 Cmwlth. Ct. 588, 599 (1971). As noted by the authorities, this rule, like all rules, is subject to limitations. Thus, the expansion must be reasonable. White v. Lower Moreland Township Board of Adjustment, 73 Montg. Co. L.R. 55 (1956). The expansion may not expand to a new nonconforming use. Appeal of Key Realty Company, 408 Pa. 98, 182 A. 2d 187 (1962). The expansion must be only that which is absolutely necessary to accommodate the expansion of the nonconforming use. Appeal of Pagano, 16 Ches. Co. Rep. 308 (1968). Further, an expansion of a nonconforming use is permitted only to the extent that the expansion is not inconsistent with the public interest. South Philadelphia Dress. Beef Company v. Zoning Board of Adjustment, 391 Pa. 111, 137 A. 2d 270; Silver v. Zoning Board of Adjustment, 435 Pa. 99, 255 A. 2d 506. See generally: Ryan's Pa. Zoning Law and Practice, Section 7.4. Taking these principles into consideration, we must thus decide whether a truck trailer storage and repair compound employing twelve people on a tract approximately five and a half acres in size in which approximately sixty to seventy trailers are kept, said compound being located in the heart of a rural residential district, is a natural expansion of a one man mechanic and welding shop which under no circumstances had more than five pieces of

equipment parked within the immediate environment of the farmhouse and other outbuildings. We do not think it is. While we would indeed question whether the business currently being conducted by appellants is in fact the same as that of Mr. Hugo, the fundamental reason we must deny appellants' appeal is because of the devastating impact this business would have on the surrounding area if permitted to continue. The operation of a trailer repair compound is, in our opinion, and for obvious reasons, not in the public interest in this area. In White v. Lower Moreland Township Board of Adjustment, supra, the plaintiffs were owners of a small grocery located in a residential area as a nonconforming use. The plaintiffs requested permission to expand and to build a new single structure having four times the area of the existing building and establish a parking lot for one hundred cars. The court affirmed the board of adjustment's refusal to grant a variance and held that it was not a reasonable extension of a nonconforming use. 'To establish this small super market in this high class residential neighborhood would be out of tune and contrary to the spirit of the ordinance, the increase of business would necessarily bring with it an increase in traffic and create a safety problem. It would also, in our opinion, change the character of the immediate neighborhood from residential to commercial which is contrary to the spirit of the ordinance. If we concede that the zoning ordinance works a hardship on the appellants it is a necessary hardship, made necessary by considerations of the public safety and welfare and the rights of the owners of neighboring properties.' White v. Lower Moreland Township Board of Adjustment, supra, at page 58. See also to the same effect: Klinge v. Hatfield Township, 79 Montg. Co. L. R. 89 (1961); Appeal from Wormleysburg Zoning Board of Adjustment, 19 Cumb. Law Jrnl. 24; Terry et al. v. Bristol Borough Zoning Board of Adjustment et al., 12 Bucks Co. L. Rep. 56 (1961).

"In coming to this conclusion, we are not unsympathetic to the appellants' position but as we have already noted, from a legal point of view, this hardship is self-inflicted. There is no question in the court's mind that to permit the relief requested, bearing in mind the size of the tract, would have the effect of changing the entire character of the neighborhood. Because nonconforming uses are inconsistent with the purpose of zoning to confine particular uses to defined areas, they may be closely restricted. Ordinances which provide for the continuance of nonconforming uses will, therefore, be strictly construed. Schiller-Pfeiffer, Inc. v. The Upper Southampton Township Board of Adjustment, supra.

"In conclusion we would note that the appellants are entitled to continue the nonconforming use which was being conducted on the property at the time the ordinance was enacted. They are also entitled, under the zoning ordinance and the law, to a reasonable expansion. To what extent expansion is proper should be determined, if possible, by the zoning hearing board, not the court. Tidewater Oil Company v. Poore, 395 Pa. 89, 149 A. 2d 636 (1959); National Land and Investment Company v. Kohn, 419 Pa. 504, 215 A. 2d 597 (1966)."

Order affirmed.