Frank Casilio and Sons, a Partnership *v*. The Zoning Hearing Board of the Township of Stroud, County of Monroe, State of Pennsylvania and Le-Ra-Do Corporation. Frank Casilio and Sons, Appellant.

Argued October 4, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., and WILKINSON, JR., sitting as a panel of three.

*Franklin H. Spitzer,* with him *Wolf, Block, Schorr and Solis-Cohen,* for appellant.

*Richard E. Deetz,* with him *Scanlon, Lewis and Williamson,* for appellee, Board.

*John J. Pentz, Jr.,* with him *Bensinger and Pentz,* P. A., for appellee, Corporation.

OPINION BY JUDGE WILKINSON, October 20, 1976:

Appellant filed an application to the Zoning Hearing Board for a permit to extend a non-conforming use. Paragraphs 6 and 7 of the application stated:

"6. Permit to expand non-conforming use by virtue of a change to a mechanical processing plant to be erected, the manual processing plant to be razed.

"7. Applicant is entitled to expand a non-conforming use to accommodate the natural expansion of his business."

The application for the permit was denied, the Zoning Hearing Board's findings of fact included:

"(f) During the periods of small operation, Mr. John Brislin utilized a front end loader and a processing plant. The processing plant consisted of a screen five (5) feet by ten (10) feet or six (6) feet by ten (10) feet upon which material was dumped by the front end loader, and by force of gravity, the material was sized and sorted. This was a manual operation.

. . . .

"(j) Applicant proposes to erect a mechanical processing plant thirty-four (34) feet by two hundred fifty (250) feet in size. The processing plant will involve conveyor belts, a washing system and crushing mechanisms. The proposed plant would be situated near a man-made excavation which would be used as a lagoon for the storage of water to be used in the processing plant.

. . . .

"(1)   Construction of the proposed processing plant is not a natural expansion of an existing business, and is, therefore, not required by the business.

"(m)   The requested expansion is an unreasonable enlargement of noise, dust and air pollution.

"(n)   The expansion is detrimental to the public health, safety, welfare and convenience of the neighborhood.

"(o)   The Applicant's enlargement, as requested, is not required by the natural expansion and growth of business and the proposed expansion goes beyond what is necessary to protect the original property interest . . . ."

On appeal, without taking additional testimony, the Court of Common Pleas affirmed the Zoning Hearing Board, ruling that the Board had neither abused its discretion nor made an error of law. We affirm.

Many other issues could be raised in this case, and if properly raised, could resolve the matter against the appellant. Was the non-conforming use abandoned? Was the certificate of non-conforming use properly issued? However, these matters need not be considered for there is more than ample evidence to support the Zoning Hearing Board's finding that the proposed extension of the non-conforming use is not permissible in any event.

As clearly stated by Judge CRUMLISH:

"The courts of this Commonwealth have held that nonconforming uses include the right of natural expansion *so long as that expansion is reasonable and not detrimental* to the welfare of the community." *Township of Lower Yoder v. Weinzierl,* 2 Pa. Commonwealth Ct. 289, 293, 276 A.2d 579, 581 (1971). (Emphasis added.)

Surely it cannot be seriously considered to be an abuse of discretion or an error of law to hold it is

not reasonable to expand a non-conforming use from a small, manually operated "processing plant," consisting mainly of a 6 by 10 screen and a front end loader into a massive, mechanical processing plant, 250 feet long, 34 feet wide and 34 feet high with crushers, conveyor belts, mechanically operated screen, and washing and sorting facilities. The record clearly establishes that for the past several years the existing non-conforming use has resulted in an occasional truck entering and leaving the premises with sand, gravel, or shale. This expanded operation would result in as many as 30 trucks a day entering and leaving the property.

Accordingly, we will enter an order affirming the court below.

#### ORDER

AND Now, October 20, 1976, the Order of the Court of Common Pleas of the Forty-third Judicial District, Monroe County Branch, entered October 31, 1975, to No. 292 June Term, 1972, is affirmed.