Township of Kelly *v.* The Zoning Hearing Board of Kelly Township and Richard L. Poeth and Anna E. Poeth, his wife. Richard L. Poeth and Anna E. Poeth, his wife, Appellants.

Argued June 8, 1978, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Peter L. Matson,* with him *Matson, Brann and Bromfield,* for appellants.

*H. William Koch,* with him *Windsor and Koch,* for appellee.

OPINION BY JUDGE WILKINSON, JR., July 11, 1978:

This is an appeal from a decision of the Court of Common Pleas of Union County which denied the issuance of a building permit to the intervenors-appellants that would have allowed them to erect a large hydraulic shears machine for use in their junkyard business. We affirm.

Appellants purchased land in Kelly Township, Union County, in 1962. At the time of this purchase the land was used for agricultural purposes. In 1963, however, appellants began to operate, on a part-time basis, a scrap and salvage yard on the premises. Most of the work was initially done by hand with the aid of an acetylene torch. Shortly after March 1, 1968, however, appellants put into service mechanical shears, which are used to cut scrap into the desired length. Appellants did not obtain a permit for the installation of these shears. Also in 1968, appellants

began to construct a new building, which now houses an office, shop and warehouse.

On March 1, 1968, Kelly Township enacted a zoning ordinance which classified appellants' land as residential and farm reserve. This rendered appellants' business a nonconforming use. Appellants now seek a building permit for the installation of a machine consisting of a 940 ton hydraulic guillotine shears with squeeze box, contour edge hopper, and pump unit. This machine is capable of crushing a motor vehicle into a bale and then cutting that bale up into small pieces. The machine is 52 feet long, 32 feet wide, and 20 feet high, and weighs 295,000 pounds. With this machine appellants could process at least 50 motor vehicles per day, which is currently what they process in a week. Appellants would also be capable of processing new scrap items that previously were uneconomical for them to handle.

The requested permit was initially denied by the Kelly Township zoning officer. On appeal, the Zoning Hearing Board (Board) reversed and ordered that the permit be granted provided certain conditions were observed. On appeal to the trial court, the Board was reversed. The trial court ruled that the proposed construction was not part of a natural expansion of appellants' business and therefore ordered the permit denied.

In *B & B Shoe Products Co. v. Zoning Hearing Board*, 28 Pa. Commonwealth Ct. 475, 479-480, 368 A. 2d 1332, 1334 (1977), Judge BLATT stated as follows:

> [A] property owner has a constitutional right to expand a lawful nonconforming use to meet natural business expansion so long as the health, safety, and welfare of the community is not jeopardized. Thayer v. Lower Milford Township, 16 Pa. Commonwealth Ct. 124, 343 A.2d 92 (1974). However, it is also the policy

of the law to restrict closely such nonconforming uses and to construe strictly provisions in zoning ordinances which provide for their continuance. Hauser v. Zoning Hearing Board, 20 Pa. Commonwealth Ct. 313, 341 A.2d 566 (1975).

Thus, any expansion must be reasonable, it must not lead to the creation of a new nonconforming use, it must only be that which is absolutely necessary, and it must not be inconsistent with the public interest. *Thayer v. Lower Milford Township, supra.* At the same time, the mere adoption of more modern instrumentalities in a business will not be prohibited, provided they are reasonably adapted to conducting the existing business. *Cheswick Borough v. Bechman,* 352 Pa. 79, 42 A.2d 60 (1945).

Applying these general principles to the case at hand, we must agree with the trial court that the proposed building project represents an unlawful expansion of an existing nonconforming use. First, the machine in question would allow appellants to process certain types of metals which are currently not economically feasible for them to handle. This indicates that appellants would, in effect, be embarking upon a new venture, as opposed to merely expanding their existing business. Second, as indicated earlier appellants would be able to process in one day the number of vehicles they are currently processing in one week. As the trial court aptly stated, "[t]his then represents, not only a difference in degree of production, or use, but a difference in degree so great as to make the process truly one of a difference in kind of use." *See Frank Casilio & Sons v. Zoning Hearing Board,* 26 Pa. Commonwealth Ct. 608, 364 A.2d 969 (1976). Third, after a careful review of the record, we find there is substantial evidence to support the trial court's conclusion that appellants did not carry

their burden of demonstrating that the proposed machine would not be a detriment to the community. The machine itself creates noise and dust.

Accordingly, we will enter the following

ORDER

AND Now, July 11, 1978, the decision of the Court of Common Pleas of the 17th Judicial District, Union County Branch, at No. 174, 1973, dated March 10, 1977, is affirmed.