Stanley E. Reinert, Appellant *v.* Weisenberg Zoning Board, Appellee.

Argued October 5, 1979, before Judges WILKINSON, JR., DiSALLE and MACPHAIL, sitting as a panel of three.

*W. F. Steigerwalt,* for appellant.

*Charles W. Stoop,* for appellee.

*William E. Doyle,* for intervenors.

OPINION BY JUDGE MACPHAIL, January 17, 1980:

This is an appeal from an order of the Court of Common Pleas of Lehigh County dismissing the appeal of Stanley E. Reinert (Appellant) and affirming the decision of the Weisenberg Zoning Board (Board).

In 1966 Appellant acquired a 20 foot by 40 foot house situated on a one acre lot in a rural area of Weisenberg Township (Township). One year later Appellant constructed a 22 foot by 26 foot garage on the same lot. Upon completion of the garage, Appellant contends that he began an automobile repair business which, he also contends, continued to exist on and after February 3, 1972 when the Township adopted a Zoning Ordinance. That Ordinance placed Appellant's property in a Rural District. The Ordinance does not provide for an automobile repair shop in a Rural District as either a permitted, accessory or Special Exception Use.

In April of 1977 Appellant applied to the Township's zoning officer for a permit to erect another building on his premises in which he proposed to conduct an automobile repair business. His application was denied whereupon Appellant appealed to the Board. After a hearing the Board likewise denied the application in a decision containing findings of fact and conclusions of law. On Appellant's subsequent appeal to the Court of Common Pleas of Lehigh County, that Court, without taking additional evidence, found no error of law or abuse of discretion in the Board's determination. Our scope of review is limited to those same considerations. *Appeal of Emmanuel Baptist Church*, 26 Pa. Commonwealth Ct. 427, 364 A.2d 536 (1976).

At the hearing before the Board, Appellant offered his own testimony and the testimony of his construction engineer. Appellant testified that although he had been repairing cars for his own benefit and for his friends since 1967, he had never charged anyone, received any payments, or paid any sales tax on his labor. The record indicates that prior to 1977 no applications for licenses or permits for the premises had been filed. At no time prior to that same year had Appellant advertised and it was not until April of 1977 that a fictitious name was recorded for the premises.

Appellant testified that if his application is approved he will operate a mechanical and automobile repair shop out of a proposed 27 foot by 40 foot by 18 foot high wood frame and aluminum siding structure. According to the testimony of Appellant's engineer, the structure, as described by him, would be situated behind the present garage at the rear of the lot. The business would be conducted by Appellant and one full time mechanic. Upon approval, from the Commonwealth of Pennsylvania, of Appellant's inspection license, he expects to be doing 90% mechanical and state inspection work and 10% body work.

The Township Ordinance provides for the continuance of nonconforming uses in existence on the effective date of the Ordinance and the granting of permits to expand such uses. However, the Ordinance also places certain restrictions on the allowances of permits for enlargements or extensions of non-conforming uses.

Appellant argues to us that the Board's decision was not clear as to whether he had in fact established a non-conforming use prior to the enactment of the Ordinance and that that portion of the Zoning Ordinance which restricts any expansion of a non-conforming use to that which was contemplated at the time of the adoption of the Ordinance is unconstitutional.

With respect to both issues, we adopt the portion of Judge DAVISON's opinion which reads as follows:

The record amply supports the findings that the appellant, considering the testimony in a light most favorable to him, merely worked on and tinkered with his own automobiles and those of his friends without charge, and thereby failed to demonstrate that he had established the nonconforming use of an automobile repair business. It is elementary that one seeking to expand a nonconforming use must first establish the existence of a nonconforming use. Inasmuch as the August hearing represented the appellant's second attempt at zoning approval, we are satisfied that he has been afforded ample opportunity to present whatever evidence [sic] at his disposal.

It is thus unnecessary to consider the contention of appellant's counsel with respect to the constitutionality of Section 1192.01 of the Township Zoning Ordinance and we refrain from doing so.

Order affirmed.

## ORDER

AND Now, this 17th day of January, 1980, the order of the Court of Common Pleas of Lehigh County dated December 27, 1978, is hereby affirmed.

This decision was reached prior to the expiration of the term of office of Judge DISALLE.