Wallace Putkowski, Appellant *v.* City of Scranton and the Zoning Hearing Board of the City of Scranton, Appellees.

Wallace Putkowski, Appellant *v.* Emil Agnone, Superintendent of Inspections & Licensing of the City of Scranton, Appellee.

Argued March 5, 1981, before President Judge CRUMLISH and Judges BLATT and CRAIG, sitting as a panel of three.

*Victor F. Cavacini,* for appellant.

*Peter P. Tayoun,* Assistant Solicitor, for appellees.

Opinion by Judge Craig, April 22, 1981:

Wallace Putkowski (applicant) appeals from an order of the Court of Common Pleas of Lackawanna County affirming an adjudication of the City of Scranton Zoning Board of Appeals (board) which treated applicant's request for a certificate of nonconforming use as an application to expand or change an existing nonconforming use and denied the request.

The applicant operates a junkyard on property located in a C-1 Community Commercial District, under the City of Scranton Zoning Ordinance enacted in 1965. Although junkyards are not permitted uses in the C-1 district, the board agreed that applicant's predecessors in title, a Mr. Baiderman and a Mr. Milewsky before him, operated the junkyard at its present location before the ordinance was enacted, so that it became a lawful nonconforming use in the C-1 district.

The applicant's predecessors processed junked autos at the rate of five or six per day, primarily by disassembling them manually, and also by crushing

through the use of a crane with a "big drop." On April 20, 1979, the applicant applied for a certificate of nonconforming use. However, while waiting for a decision on that application, the applicant began operating at the yard his portable mechanical car crusher, which, as the board found, he had previously brought to the yard and operated on four occasions over a seven-year span to reduce Mr. Baiderman's inventory.

Because the mechanical car crusher enabled the applicant to process seventeen autos in seventy minutes, the board treated the applicant's request, to the extent that it involved the mechanical car crusher with additional buildings and associated equipment, as involving a new use and therefore denied it.

Because he is not seeking to extend his use over additional property, the applicant first contends that, under our Supreme Court's holding in *Cheswick Borough v. Bechman*, 352 Pa. 79, 42 A.2d 60 (1945), his introduction of the mechanical car crusher and other additions would be a proper extension of his nonconforming use by means of employing a more modern instrumentality. However, we are constrained to follow our holdings in *Township of Kelly v. Zoning Hearing Board of Kelly Township*, 36 Pa. Commonwealth Ct. 509, 388 A.2d 347 (1978) and *Casilio and Sons Co. v. Zoning Hearing Board of Stroud Township*, 26 Pa. Commonwealth Ct. 608, 364 A.2d 969 (1976), in which this court held that a change in method and quantity of production can be so vast as to constitute a new use. The applicant's introduction of the mechanical car crusher operation would, as the board found, constitute a "drastic" change in machinery, procedures and buildings, in a magnitude so great as to be a new use.

The applicant next contends that his application should be deemed to be approved pursuant to Sec-

tion 908(9) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908(9), because the board failed to issue a decision on his application within forty-five days of a remand order in which the common pleas court directed the board to consider the entire record and render a complete decision. However, Section 908(9) of the MPC only requires the board to issue a decision within forty-five days after the *final hearing* of the board. The court did not order any additional hearing, and the board held none. The forty-five day time limit in Section 908(9) by its terms simply does not apply to the period following a court's remand order.

Finally, the applicant contends that he was denied due process of law because, despite the city's clearly adverse position in this case and in a related equity action, an assistant city solicitor—and perhaps initially the city solicitor himself—served as counsel for the zoning hearing board in these proceedings. Although this practice appears to be contrary to the principle in *Horn v. Township of Hilltown,* 461 Pa. 745, 337 A.2d 858 (1975), the applicant did not raise the issue below and we cannot now permit him to raise it for the first time here. *Bucks County Housing Development Corp. v. Zoning Hearing Board of Plumstead Township,* 45 Pa. Commonwealth Ct. 532, 406 A.2d 832 (1979).

Accordingly, we affirm the decision of the lower court.

ORDER

AND Now, April 22, 1981, the February 19, 1980 order of the Lackawanna County Court of Common Pleas is affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.