James M. Jones and Josephine B. Jones, his wife, Appellants *v.* The Township of North Huntingdon Zoning Hearing Board et al., Appellees.

Argued October 3, 1983, before Judges Rogers, Craig and Doyle, sitting as a panel of three.

*James B. Lieber,* with him *Thomas C. Jones,* for appellants.

*Victor R. Delle Donne,* with him *Joel P. Aaronson, Baskin and Sears, P.C.,* for appellee.

*Thomas P. Cole, III,* for intervenor, Township of North Huntingdon.

OPINION BY JUDGE ROGERS, November 23, 1983:

The appellants, James M. and Josephine B. Jones, landowners, have appealed from an order of the Court of Common Pleas of Westmoreland County upholding the decision of the Zoning Hearing Board of North Huntingdon Township that they had not established their entitlement to devote their property to a use not conforming to zoning regulations.

The history of this case is somewhat complex. In June, 1978, the appellants were served with two citations for parking commercial vehicles on their property which is located in a residential zoning district. A district justice found the appellants guilty and on appeal to the court of common pleas the appellants alleged that they had used their property for parking commercial vehicles prior to the enactment of the

township zoning ordinance in 1964 and were entitled to registration of their use as a lawful nonconforming use. It is not clear whether the hearing judge decided the matter of the summary offenses; he may have continued it. In any event, because the matter involved a claim of entitlement to a nonconforming use, the court referred the appellants to the North Huntingdon Township Zoning Hearing Board as the appropriate tribunal for deciding their claim to a lawful nonconforming use.

The Zoning Hearing Board initially refused the appellants' claim because they had not registered the use within thirty days of receiving oral notice of noncompliance as the township's zoning ordinance required. The appellants appealed to the court of common pleas which remanded the case to the Zoning Hearing Board solely for a determination on the merits of whether the appellants were entitled to a nonconforming use to park commercial vehicles on their property. The Zoning Hearing Board after conducting a further hearing again refused the appellants' claim, this time basing its decision on the appellants' failure to prove the nature, extent and duration of their alleged nonconforming use. On appeal, without taking additional evidence, the court of common pleas held that the Zoning Hearing Board had decided the case correctly because the appellants' evidence demonstrated only a sporadic use of their property for the parking of commercial vehicles before the enactment of the zoning ordinance.

Where the lower court takes no additional testimony, as is the case here, the scope of review of this Court is to determine whether the Zoning Hearing Board abused its discretion or committed an error of law in reaching its decision. *Reinert v. Weisenberg Zoning Board,* 48 Pa. Commonwealth Ct. 519, 410 A.2d 915 (1980).

The burden of proving the existence and extent of a nonconforming use is on the property owner. *Municipality of Penn Hills v. Zoning Hearing Board,* 60 Pa. Commonwealth Ct. 268, 431 A.2d 383 (1981); *Overstreet v. Zoning Hearing Board of Schuylkill Township,* 49 Pa. Commonwealth Ct. 397, 412 A.2d 169 (1980). This burden includes the requirement of conclusive proof by way of objective evidence of the precise extent, nature, time of creation and continuation of the alleged nonconforming use. *Overstreet v. Zoning Hearing Board of Schuylkill Township, supra; Cook v. Bensalem Township Zoning Hearing Board of Adjustment,* 413 Pa. 175, 196 A.2d 327 (1964).

Our review of the evidence compels us to conclude that the court properly found that the appellants had not met their burden of proof. At the hearing before the Zoning Hearing Board, the appellant described the nature and extent of his use of the property for the storage of construction equipment before 1964:

Attorney Hirshberg: How long have you owned this kind of equipment?

Appellant: Well I owned it since 1957, when I got my first dump truck and high lift.

Attorney Hirshberg: In 1957?

Appellant: Yes.

Attorney Hirshberg: Where did you keep that equipment at that time in 1957?

Appellant: I either kept it on my property or my father's property in White Oak Borough.

. . . .

Attorney Hirshberg: What equipment did you have in '59?

Appellant: 59 I still had a dump truck and a rubber tire ford [sic].

Attorney Hirshberg: Did you keep that on your property in Strawpump?

Appellant: Yes, from time to time.

Additional evidence offered by the appellants consisted of testimony of several neighborhood witnesses to the effect that from time to time prior to 1964 they had observed construction equipment on the appellants' property.

This evidence depicts a sporadic, intermittent and imprecisely stated business use of residentially zoned property, and is not objective evidence of the precise extent, nature, time of creation and continuation of nonconforming use as required by law.

The appellants additionally contend that the Board's failure to render a timely decision on their appeal effected a deemed approval of their use by Section 908(9) of the Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908. Section 908(9) of the Code requires, *inter alia,* that the Board render a decision within forty-five days after the last hearing before the Board. In this case the Court of Common Pleas remanded the matter to the hearing board on August 12, 1980. The Board held a hearing on March 24, 1981 and issued a decision on April 28, 1981—well within the forty-five day period allowed by Section 908(9). The time limitations contained in Section 908(9) of the Municipalities Planning Code, noncompliance with which may result in the deemed approval of the appellants' application, simply do not apply to time periods following a court's remand hearing. *Putkowski v. City of Scranton,* 58 Pa. Commonwealth Ct. 604, 428 A.2d 743 (1981).

Order affirmed.

## ORDER

AND Now, this 23rd day of November, 1983, the order of the Court of Common Pleas of Westmoreland County dated June 3, 1983 is hereby affirmed.