### ORDER

Thomas L. Kennedy, for appellants.

George R. Hludzik, for appellees.

Before COLINS, President Judge, SMITH, J., and SILVESTRI, Senior Judge.

SMITH, Judge.

Northeastern Gas Company, Inc. and Floyd C. and Marian Hoffman (collectively Northeastern) appeal from the order of the Court of Common Pleas of Luzerne County denying Northeastern's motion for post-trial relief and entering judgment in favor of defendants Donald Karpowich and Foster Township. The issue raised on appeal is whether Section 908(9) of the Pennsylvania Municipalities Planning Code (MPC), Act of

**NORTHEASTERN GAS CO., INC.,
Floyd C. Hoffman and Marian
Hoffman, Appellants,**

**v.**

**Donald KARPOWICH and
Foster Township.**

Commonwealth Court of Pennsylvania.

Argued Sept. 23, 1994.

Decided March 21, 1995.

July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10908(9), requires a zoning hearing board to render a decision on an application to expand a pre-existing, nonconforming use within forty-five days of the last hearing before the board when that hearing is held pursuant to a court-ordered remand.

In June 1990, Northeastern appealed to the Foster Township Zoning Hearing Board (Board) from a denial of Northeastern's application to expand a pre-existing, nonconforming use of its LP gas storage facility. The Board denied the appeal and the trial court affirmed the Board. However, this Court on July 30, 1992 reversed the trial court and remanded for findings on the issue of expansion of a nonconforming use. *Northeastern Gas Co., Inc. v. Foster Township Zoning Hearing Board,* 149 Pa.Commonwealth Ct. 477, 613 A.2d 606 (1992). The Board held a hearing on November 18, 1992 for presentation of evidence on the limited remand issue. On January 14, 1993, fifty-six days after the hearing, the Board announced its decision to deny Northeastern's application, and mailed its decision on February 9, 1993.

Northeastern thereafter filed an action in mandamus seeking an order directing issuance of a zoning permit for expansion of its facility on the basis that the Board did not render a decision within forty-five days after the November 18, 1992 hearing and the application should thus be deemed approved pursuant to Section 908(9) of the MPC. The trial court rejected Northeastern's argument and held that the time limitations in Section 908(9) do not apply to the period following a court-ordered remand. In so holding, the trial court relied upon this Court's decisions in *Wright v. Zoning Hearing Board of Bridgeville,* 86 Pa.Commonwealth Ct. 528, 485 A.2d 870 (1984); *Jones v. Township of*

*North Huntingdon Zoning Hearing Board,* 78 Pa.Commonwealth Ct. 505, 467 A.2d 1206 (1983); and *Putkowski v. City of Scranton,* 58 Pa.Commonwealth Ct. 604, 428 A.2d 743 (1981). The trial court thereafter denied Northeastern's motion for post-trial relief and this appeal followed.

Northeastern argues that Section 908(9) of the MPC requires a zoning board to render a decision within forty-five days of the last hearing held for final disposition of a zoning application where that hearing is held after a court-ordered remand.[1] Northeastern submits that none of the three cases cited by the trial court is dispositive of the issue before this Court; instead, *Wright, Jones,* and *Putkowski* addressed issues different from that presented here and recited dicta that provided no precedent for the trial court's decision in this case.

In *Putkowski,* a property owner was denied a deemed approval after remand of the case to the zoning board for a decision based solely on the record where the board failed to issue a decision within forty-five days of the trial court's remand order. As this Court stated, "[t]he forty-five day time limit in Section 908(9) by its terms simply does not apply to the period following a court's remand order." *Id.,* 58 Pa.Commonwealth Ct. at 607, 428 A.2d at 744.[2]

In *Jones,* the timeliness of a zoning board's decision following a court-ordered remand was again questioned. In that case, following a trial court remand, the board held a hearing and issued its decision a little more than one month later which, as the Court noted, was "well within the forty-five day period allowed by Section 908(9)." *Id.,* 78 Pa.Commonwealth Court at 509, 467 A.2d at 1208. The Court nonetheless stated, citing

1. Section 908(9) provides in pertinent part:

   The board or the hearing officer, as the case may be, shall render a written decision or, when no decision is called for, make written findings on the application within 45 days after the last hearing before the board or hearing officer.... Where the board fails to render the decision within the period required by this subsection, or fails to hold the required hearing within 60 days from the date of the applicant's request for a hearing, the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time.

2. Although the decision in *Putkowski* was criticized in *Township of Chartiers v. William H. Martin, Inc.,* 518 Pa. 181, 542 A.2d 985 (1988), this was only in regard to the issue of a nonconforming use and not regarding the Section 908(9) time limitation.

*Putkowski,* that the time limitations contained in Section 908(9) do not apply to time periods following a court's remand hearing, thereby suggesting that had the zoning board not complied with the forty-five day requirement, such limitation would not apply following a remand.

In *Wright,* following a remand by this Court, the zoning board held an evidentiary hearing in October 1982 and issued its opinion in January 1983 denying a landowner's application for variance, which the trial court affirmed. This Court again vacated and remanded, holding that the zoning board had violated Section 2 of the Open Meeting Law [3] by not voting on the application at a public meeting. Nevertheless, the Court noted that the Section 908(9) requirement that the zoning board render a decision within forty-five days *after the hearing is conducted by the board* does not apply following a court's remand of a case for an additional hearing, citing *Jones.* The factual and procedural differences in these cases notwithstanding, this Court has clearly and consistently held that the Section 908(9) time limitations are not applicable after remand. Furthermore, these cases were decided prior to the General Assembly's major revisions of the MPC in 1988: it may be presumed that had the legislature intended the time limits to apply after remand, it would have included such language in the 1988 revisions.

■ Further support for this Court's holding can be found by analogy in *Degroot v. Board of Supervisors of Township of Tinicum,* 157 Pa.Commonwealth Ct. 350, 629 A.2d 318 (1993), *appeal denied,* 537 Pa. 635, 642 A.2d 488 (1994), in which this Court considered Section 508 of the MPC, 53 P.S. § 10508, and affirmed the trial court's determination that the board was not required to act upon an application for subdivision within ninety days after a trial court had remanded the application to the local planning agency. This Court reasoned that the MPC time limitation did not apply because Section 508 contains no language requiring the board to act on *remanded* applications within the MPC's usual ninety-day response period. In the present matter, Section 908(9) similarly contains no language requiring a zoning board to act on remanded applications within the usual forty-five day response period. Accordingly, the trial court's order is affirmed.

### ORDER

AND NOW, this 21st day of March 1995, the order of the Court of Common Pleas of Luzerne County is hereby affirmed.

SILVESTRI, Senior Judge, dissenting.

I do not subscribe to the majority's statement that "this court has clearly and consistently held that the Section 908(9) time limitations are not applicable after remand." The cases relied upon by the township and cited by the majority do not, as I understand them, hold that the MPC's requirement of a timely written decision after the board conducts a hearing is eliminated simply because that hearing would take place on court-ordered remand.

In *Putkowski,* the common pleas court ordered a remand to the board with directions to render a complete decision on a zoning application. We said, in the sentences immediately preceding that the majority quotes, "[s]ection 908(9) of the MPC only requires the board to issue a decision within forty-five days after the *final hearing* of the board. The court did not order any additional hearing, and the board held none." *Id.,* 58 Pa.Commonwealth Ct. at 607, 428 A.2d at 744 (emphasis in original). There was no hearing on remand; therefore, we held, Section 908(9) did not apply.

In *Jones,* which followed *Putkowski,* the common pleas court remanded the case to the Board in August and the board held a hearing the following March. The board then issued a decision well within thirty days of its hearing, as acknowledged in that decision. *Jones* does not suggest, as the majority states, that Section 908(9)'s time limitation does not apply, only that it does not apply to the time *between a court's remand order and*

---

**3.** Act of July 19, 1974, P.L. 486, *as amended,* 65 P.S. § 262, repealed by Section 17 of the Sun-

shine Act, Act of July 3, 1986, P.L. 388.

 

*whatever action the board* takes next, either to hold a hearing or to render a decision. That rule of law is the specific holding laid down in *Putkowski*.[1] There is nothing in that case that is inconsistent with the plain language of the MPC requiring the board to render a written decision within forty-five days of its last hearing.

The courts have long acknowledged that the "evils to be cured" by Section 908(9) are those of procrastination, delay and frustration. *Grim v. Borough of Boyertown*, 141 Pa.Commonwealth Ct. 427, 595 A.2d 775 (1991). The Supreme Court, in a decision interpreting an earlier enactment of Section 908(9), stated:

> The Legislature recognized the existence of this inertia in the orderly disposition of pending governmental matters, and, accordingly, wisely provided that when a board of adjustment indolently allows 45 days to go by without a decision following a hearing, the complaining party shall have the benefit of that slothful inattention and gain the requested permit. Without this kind of coercive determination, a board could effectively prevent the erection of needed structures through the simple process of luxurious lolling while spiders of inattention spin webs of indifference over pending public problems.

*Humble Oil and Refining Co. v. East Lands-downe Borough*, 424 Pa. 309, 314, 227 A.2d 664, 666 (1967).

There is no discernible reason in the law that this mandate of timeliness should be vitiated, even if some language in decisions of this court were to "suggest" it, simply because appellate courts are sometimes compelled to require boards to re-examine their decisions. Nor is there any practical basis for a board's inability, after a hearing on remand, to issue a written decision within forty-five days, particularly since the issues have already been refined and the questions narrowed by the appellate review process. Moreover, the consequent delay of this process in deciding the merits of the application provides all the more impetus for promptness after remand.

For these reasons, I would reverse the common pleas court's order. Accordingly, I dissent.

---

1. The majority also cites *Wright* as a basis for its decision. It is noted there in a footnote to the opinion that "the time limitations contained in Section 908(9) do not apply following a court's remand of a case for an additional hearing." *Id.,* 86 Pa.Commonwealth Ct. at 531, n. 2, 485 A.2d at 871, n. 2 (citation omitted). The notation in that footnote is an imprecise reiteration of the precedent and is wholly unnecessary to the decision in that case.