Isaac A. Beiler and Lavina E. Beiler, Appellants
*v.* Salisbury Township, Appellee.

Argued January 31, 1983, before Judges ROGERS,
WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*James H. Thomas, Wenger, Byler & Thomas,* for
appellants.

*David E. Wagenseller, Shirk, Reist and Posey,* for
appellee.

OPINION BY JUDGE WILLIAMS, JR., December 27,
1983:

Isaac and Lavina Beiler (Beilers) have appealed
from an adjudication and final decree directing the
appellants to remove a calf barn they had constructed

on their land, in Salisbury Township, Lancaster County.

The Beilers' parcel of land consists of slightly over one acre, and is located in a district that is zoned by the Salisbury Township Zoning Ordinance (Zoning Ordinance) as Rural-Agricultural (RA). On the appellants' parcel are a large dwelling house, a small barn, and a small garage, all of which were erected prior to May 10, 1978. On May 10, 1978, Mr. Beiler applied for a building permit to construct an *additional* barn, for calves. The application was not approved by the zoning officer; because, according to his interpretation of the Zoning Ordinance, agricultural uses, including the raising of livestock, were only permitted where there is a minimum area of ten acres. Thereafter, on May 16, 1978, Mr. Beiler contacted the Township Board of Supervisors to inquire about the zoning officer's authority to deny him a building permit.

At the direction of the Township Supervisors, the zoning officer sent a certified letter to Mr. Beiler explaining the Zoning Ordinance and the Beilers' right to appeal to the Zoning Hearing Board. The Beilers took no appeal to the Zoning Hearing Board. Nevertheless, Mr. Beiler proceeded to construct the calf barn.[1] Mr. Beiler was subsequently convicted of a summary offense of violating the Zoning Ordinance by building the calf barn without a building permit. Thereafter, the Township brought an equity action against the Beilers to obtain a decree ordering the removal of the calf barn.

Under Section RA.02 of the Zoning Ordinance, the list of uses permitted in an RA district includes: "Agricultural uses related to the tilling of the land, the

---

[1] According to the Beilers, they had purchased about $6,000 worth of construction materials even before applying for a building permit. The record evidence shows that the barn had dimensions of 60 feet by 100 feet, and a capacity for about 200 calves.

raising of farm products, the raising and keeping of horses, cattle, and other livestock, and the raising of poultry and poultry products." Barns are also permitted. Section RA.04 of the Zoning Ordinance requires a minimum area of ten acres for farms. The Zoning Ordinance defines a "farm" thus: "Any parcel of land containing ten (10) or more acres, which is used in the raising of agricultural products, livestock, poultry, and dairy products. It includes necessary farm structures within the prescribed limits and the storage of equipment used."

The equity action was heard by the trial court on March 23, 1981. In construing the above provisions of the Zoning Ordinance, the chancellor determined that "farm" and "agricultural use" are synonymous and interchangeable terms. The chancellor then made the following additional conclusions of law:

1. The Zoning Ordinance at all times applied to and controlled the use of and buildings or structures permitted on the land of Defendants.

2. The Zoning Ordinance requires that no building or structure may be erected or constructed until the zoning officer has issued a permit for such work where the construction is in excess of a fair market value of $1,000. Article IX, Section 902.

3. The raising of veal calves is a farming use and cannot be carried on in a Rural-Agricultural District in Salisbury Township unless the property owner carrying on such use is doing so on a parcel of land of ten (10) or more acres. Article III, Section 302, 41. Farm and Article V [sic] RA.04a.

4. Defendants are in violation of the Zoning Ordinance because they constructed a calf barn without securing a building permit.

5.   Defendants are in violation of the Zoning Ordinance because they erected a calf barn and have continuously conducted a farming use without having the required ten (10) acres of land.

Based on the foregoing conclusions, the chancellor entered a decree nisi ordering the removal of the barn. The Beilers' exceptions to the adjudication and decree nisi were dismissed, and the decree nisi was affirmed by final decree dated September 25, 1981. The instant appeal followed.

The Beilers argue against the application of the ten-acre minimum area restriction, by asserting that their proposed use of the calf barn does not constitute a "farm" use, but an "agricultural" use. The Beilers contend that they should be permitted to use their property for agricultural purposes, and that the express restrictions imposed by the area regulations should be strictly construed so as to apply only to "farm" uses. Essentially, their position is that since the word "farm" was not used in Section RA.02 of the Zoning Ordinance, the drafters of the ordinance intended to differentiate between "farm" use and "agricultural" use. These arguments are unavailing in the instant case.

The Beilers failed to appeal the denial of a building permit to the Zoning Hearing Board. For that reason, they are precluded from raising as defenses to the Township's equity action matters which they could have raised in an appeal to the Zoning Hearing Board. *See Philadelphia v. Budney*, 396 Pa. 87, 151 A.2d 780 (1959); *City of Scranton v. Baiderman*, 74 Pa. Commonwealth Ct. 367, 460 A.2d 1199 (1983).

Lastly, the Beilers contend that the order requiring the removal of the calf barn is not the appropriate remedy for their violations of the Zoning Ordinance. We note here that the evidence clearly shows that the

Beilers knowingly and intentionally violated the provisions of the Zoning Ordinance. Where deliberate and substantial violations of a zoning ordinance are found, it is appropriate to order removal of nonconforming structures. *Upper Moreland Township v. Meade,* 420 Pa. 613, 218 A.2d 271 (1966). We, therefore, hold that the equitable relief granted to the Township is commensurate with the Beilers' violations of the Zoning Ordinance.

Our scope of review in equity matters is limited to determining whether the trial court abused its discretion or committed an error of law. *Borough of Trappe v. Longaker,* 59 Pa. Commonwealth Ct. 572, 430 A.2d 713 (1981). After reviewing the record we find neither an abuse of discretion, nor a commission of an error of law. Accordingly, we affirm the final decree.

### ORDER

AND NOW, the 27th day of December, 1983, the final decree of the Court of Common Pleas of Lancaster County, dated September 25, 1981, at No. 19, Equity Docket, Page 212, is hereby affirmed.