544 A.2d 103

Lawrence A. Wills, Appellant *v.* Middle Smithfield Township, Appellee.

Argued April 20, 1988, before Judges COLINS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Peter J. Quigley,* for appellant.

*Richard E. Deetz,* for appellee.

OPINION BY JUDGE PALLADINO, July 15, 1988:

Lawrence A. Wills (Appellant) appeals an order of the Court of Common Pleas of Monroe County (trial court) denying his petition for consideration before a court en banc, denying his exceptions to a decree nisi, denying his petition to reinstate defenses, and directing that its decree nisi be entered as a final order. For the reasons set forth below, we affirm.

Appellant was the owner of a certain parcel of land in Middle Smithfield Township (Township). At the time he acquired the property, it was comprised of approximately eight and one-half (8½) acres and was located in a district zoned retail and service commercial. On June 25, 1982, Appellant obtained a building permit from the Township zoning officer in order to construct an ice cream store. Appellant put up the building but never commenced business. On September 9, 1982, Appel-

lant conveyed approximately six and one-half (6½) acres of the land to another individual.

On July 27, 1984, the Township filed an action in equity with the trial court seeking removal of the building on Appellant's property. The Township alleged that the building was in violation of a Township zoning ordinance requiring retail and commercial establishments to be located on a minimum tract of five (5) acres.[1]

Appellant filed preliminary objections to the complaint and asserted that the building had never been used for commercial purposes and therefore was not in violation of the ordinance. Appellant also asserted that the ordinance was unconstitutionally exclusionary, that the Township's action was barred by the doctrine of laches, and that the Township had an adequate remedy at law. Finally, Appellant contended that the Township failed to state a cause of action because the building permit had not been revoked.

On August 17, 1984, the Township zoning officer revoked Appellant's building permit. Appellant did not appeal the revocation to the Township Zoning Hearing Board (ZHB). On September 21, 1984, the Township filed an amended complaint alleging that the building permit had been revoked. Appellant filed both preliminary objections and answer, raising the same defenses of lack of commercial use, exclusionary zoning, and laches. Appellant then filed a motion for summary judgment and attached an affidavit stating that the building was not used for commercial activity.

---

[1] Section 3.5.3.2(1) of the Zoning Ordinance of Middle Smithfield Township. This section of the Ordinance was amended on January 10, 1985 to provide for a two and one-half (2½) acre minimum lot requirement. However, because of the date this action was commenced, the amendment does not affect the result in the case at bar.

By order dated January 7, 1986, the trial court entered a decree nisi which directed Appellant to remove the building at his own expense within ninety (90) days after the decree became final.[2] Appellant was also granted twenty (20) days to file exceptions. In its adjudication supporting the decree nisi, the trial court determined that Appellant was precluded from raising the defenses of unconstitutionally exclusionary zoning and lack of commercial use because Appellant failed to appeal the revocation of his permit to the ZHB. Further, the trial court stated that Appellant had not demonstrated when and under what circumstances the Township became aware of Appellant's violation of the ordinance. Thus, the trial court held that Appellant had provided no basis for finding the Township guilty of laches.

Appellant thereafter filed exceptions to the trial court's adjudication, a petition for consideration of the case by a court en banc, and a petition to reinstate the defenses that he had attempted to raise before. In his exceptions, Appellant alleged that the trial court erred in deciding the case on the merits because only *he* had filed a motion for summary judgment and such motion was limited to the commercial activity issue. Appellant asserted that there had been no hearing on the merits and that material issues of fact remained relating to the other defenses.

The trial court denied all of Appellant's requests for post-trial relief by order dated December 9, 1986. The trial court determined that the Township's failure to file a cross-motion for summary judgment did not prevent the trial court from ruling on Appellant's motion in favor of the Township. Accordingly, the trial court directed that the decree nisi be entered as a final order.

---

[2] Contemporaneously with the entry of the decree nisi, the trial court entered an order denying the Township's claim for counsel fees and denying Appellant's motion for summary judgment.

.On appeal·to this court,[3] Appellant contends that the·trial court erred·in concluding that he had waived the defenses of exclusionary zoning and lack of commercial activity by failing to appeal the permit revocation to the ZHB. Appellant further asserts that the defense of laches was not waived by filing a motion for summary judgment because the motion only addressed the lack of commercial activity.. Finally, Appellant argues that revocation of the permit does not necessitate the removal of the building since he had a valid permit at the time the building was constructed. We will ·address these issues seriatim.

## EXCLUSIONARY ZONING

First, we note that Section 1004 of the Pennsylvania Municipalities Planning Code (MPC)[4] provides that a landowner who desires to challenge the validity of a zoning ordinance on substantive grounds must submit the challenge either to the zoning hearing board or to the governing body along with a request for a curative amendment. This court has held that a landowner's failure to submit a·constitutional challenge to the substantive validity of an ordinance to the zoning hearing board or governing body precludes judicial review of that challenge. *See Tirotta v. Zoning Hearing Board of Yeadon,* 110 Pa. Commonwealth Ct. 501, 532 A.2d 937 (1987).

In this case, Appellant did not follow the exclusive procedures outlined in the MPC with respect to his claim that the Township's ordinance was unconstitutionally exclusionary. Therefore, the trial court did not err

---

[3] Our scope of review in equity matters is limited to determining whether the trial court abused its discretion or committed an error of law. *Beiler v. Salisbury Township,* 79 Pa. Commonwealth Ct. 213, 468 A.2d ·1189 (1983).

[4] Act·of·June·1, 1972, P.L. 333, *as amended,* 53 P.S. §11004.

in concluding that Appellant could not assert a defense of unconstitutionality before it.

## COMMERICAL USE

Appellant also argues that the trial court erred in determining that he was precluded from raising the defense of lack of commerical use.[5] In denying Appellant's exceptions to the decree nisi, the trial court noted a second basis for its decision on the commercial use defense. The trial court stated that, where the Township brought an action to enforce the requirements of the ordinance, the trial court could properly adjudicate the commercial use issue as a matter of law based upon the facts admitted by the parties.[6] Section 7.8.1 of the Township Zoning Ordinance (relating to enforcement provisions) provides in pertinent part:

> In the event that any building or structure is [a] erected, constructed, reconstructed, altered, repaired, converted, or maintained, or [b] any building, structure or land is used in violation of this Ordinance, [c] the Supervisors, or with their approval, the Zoning Officer, may, in addition to other remedies, institute appropriate ac-

[5] In its initial decree, the trial court stated that Section 909 of the MPC provides that a zoning hearing board shall hear and decide appeals where a zoning officer has allegedly failed to follow prescribed procedures or has misinterpreted or misapplied any provision of a valid ordinance. Act of July 31, 1968, P.L. 805, *as amended* 53 P.S. §10909. The trial court found that Appellant's failure to appeal the revocation of his building permit to the ZHB prohibited him from asserting the defense of lack of commercial use before the court.

[6] Appellant did not dispute that he constructed a building which he intended to use as an ice cream store and that he later conveyed away a portion of the property on which the building was situated. The Township did not contest the fact that Appellant never actually commenced business.

tion or proceedings to prevent such unlawful
erection, construction, reconstruction, alteration,
repair, conversion, maintenance or use, to re-
strain, correct, or abate such violation. . . .

Section 7.8.1 of the Zoning Ordinance of Middle Smith-
field Township. Based upon the above provision, the
trial court held that Appellant's "lack of commerical use"
argument was without merit where the erection and
maintenance of the building itself constituted a viola-
tion 'of the ordinance. We find no error in the trial
court's conclusions.

## LACHES

Appellant next argues that the trial court erred in
failing to consider his laches defense. Appellant con-
tends that the trial court, in effect, determined that he
had waived that defense by filing a motion for summary
judgment even though that motion was directed only to
the commercial use issue. Appellant contends that ma-
terial issues of fact exist regarding the laches defense
and that judgment in favor of the Township was there-
fore inappropriate.

In this case, the trial court concluded that Appellant
had not alleged anything more than mere passage of
time in support of the laches defense. The trial court
noted that Appellant did not allege when and in what
manner the Township became aware of the fact that Ap-
pellant conveyed away a portion of his property. Thus,
the trial court essentially determined that there were
no factual issues in dispute as to laches.

Although we recognize that the factual nature of the
laches defense generally requires a hearing, *Long v.
Kistler*, 72 Pa. Commonwealth Ct. 547, 457 A.2d 591
(1983), the lack of a hearing in this case does not man-
date a remand. The pleadings disclose that approxi-
mately twenty-two (22) months elapsed between the

date on which Appellant conveyed a portion of his property and the date on which the Township instituted this action. We have held that a two-year period is insufficient as a matter of law to support a laches defense. *Bevans v. Township of Hilltown,* 72 Pa. Commonwealth Ct. 227, 457 A.2d 977 (1983).[7]

## VALID PERMIT

Finally, Appellant contends that revocation of his building permit should not automatically compel the removal of the building since he had a valid permit at the time the building was put in place. Citing *Beiler v. Salisbury Township,* 79 Pa. Commonwealth Ct. 213, 468 A.2d 1189 (1983) and *Visual-Educational Devices, Inc. v. Springettsbury Township,* 54 Pa. Commonwealth Ct. 529, 422 A.2d 235 (1980), the trial court in this case ordered removal of Appellant's building. Appellant contends that these cases are inapposite because *Beiler* involved a landowner who was denied a building permit but proceeded to build anyway and *Visual-Educational* involved false statements and misrepresentations made in a permit application. In the case at bar, the trial court found these distinctions unpersuasive and determined that a removal order should not be conditioned upon a showing by the Township that false statements and misrepresentations were made.

Section 617 of the MPC grants to the governing body of a municipality the authority to institute appropriate action to prevent, restrain, correct, or abate any building, structure, or land which is, or is proposed to be, erected, constructed, maintained, or used in violation of any ordinance enacted under the MPC. 53 P.S.

---

[7] We also note that Appellant has not alleged that he changed his position or was prejudiced by the Township's delay in bringing an action to enforce the zoning ordinance. *Bevans.*

§10617. Under this section, a trial court has the power to order the abatement of a building which constitutes a zoning violation. *Shattuck v. Zoning Hearing Board of Warren County*, 93 Pa. Commonwealth Ct. 209, 501 A.2d 319 (1985).

Based upon our review of the record in this case, we conclude that the trial court committed no errors of law nor did it abuse its discretion.

Accordingly, we affirm.

## ORDER

AND NOW, July 15, 1988, the order of the Court of Common Pleas of Monroe County in the above-captioned matter is affirmed.