**TOWNSHIP OF CONCORD**

v.

**CONCORD RANCH, INC., Appellant.**
(Three Cases)

Commonwealth Court of Pennsylvania.

Argued April 3, 1995.

Decided Aug. 17, 1995.

Reargument Denied Oct. 3, 1995.

Kenneth R. Schuster and Joel Friedman, for appellant.

John W. Wellman, for appellee.

Before COLINS, President Judge, DOYLE, Judge (P.), and NARICK, Senior Judge.

COLINS, President Judge.

## I. INTRODUCTION

Concord Ranch, Inc. (CRI) appeals from multiple orders of the Court of Common Pleas of Delaware County (common pleas court). These cases were argued seriatim but not consolidated for purposes of oral argument. Nonetheless, CRI chose to address all appeals in a single brief. For purposes of judicial economy, we address all of the above-captioned appeals in this opinion, but issue separate orders.

## The Orders Questioned on Appeal

■ The appeal docketed at No. 2761 C.D. 1994 is from two orders entered respectively October 5, 1994 and October 7, 1994.[1] The October 5th order granted the Township of Concord's (Township) petition for preliminary injunction and enjoined use of CRI's property located at 242 Baltimore Pike, Concord Township, Pennsylvania (property), as and for a "gentleman's club" featuring male and female topless entertainment and/or "striptease" entertainment, which we shall hereinafter generally refer to as ecdysial entertainment.[2] The October 7th order stated that the October 5, 1994 injunction did not involve freedom of expression and refused to dissolve the preliminary injunction.

The appeal docketed at No. 2804 C.D.1994 is from the order entered November 2, 1994, finding CRI in contempt for violation of the October 5, 1994 order.

The appeal docketed at No. 3217 C.D.1994 is from a deemed adverse order pursuant to Pa. R.A.P. 301(e) entered by the Delaware County Office of Judicial Support on December 22, 1994 that granted the Township's preliminary objections and dismissed all affirmative defenses pled in CRI's Answer with New Matter.

## II. FACTS AND PROCEDURAL HISTORY

CRI operated a restaurant and entertainment facility, with incidental specialty shops, known as the Longhorn Ranch. Subsequent to CRI's use of the property as the Longhorn Ranch, the Township enacted its zoning ordinance (ordinance) in conformity with the Municipalities Planning Code (MPC),[3] which rendered CRI's use of the property a nonconforming use. After passage of the zoning ordinance, the subject property was located in an area zoned C–1 Local Commercial District.

On August 5, 1982, CRI and the Township entered into an agreement in settlement of a mandamus action instituted to compel the issuance of building permits. Paragraph 5 of the August 5, 1982 agreement (agreement) states as follows:

> The Township agrees that the proposed use of the premises as and for a restaurant and/or entertainment facility, including dinner theatre, and amusement and dancing use, together with incidental specialty shops, as heretofore described to the Township, is not a change in the existing non-conforming use and accordingly, is to be permitted pursuant to the provisions of the township zoning practice.

As a result of this agreement, a new structure was erected on the property, housing a restaurant, cocktail lounges, and a dinner theatre. From 1982 through August of 1994, CRI operated a dinner theatre providing entertainment for customers that included Chippendale Male Dance Review, magic shows, and "Las Vegas style" revues featuring female dancers.

In August of 1994, a new management team took control of CRI and in addition to the traditional use, began using the subject property as a "gentleman's club" featuring topless female dancing. On August 22, 1994, the Township Zoning Officer issued a zoning enforcement notice to CRI advising that the

---

1. The practice of appealing multiple orders in a single appeal is discouraged under Pa. R.A.P. 512, but such an appeal will not be quashed if (1) the issues in the separate orders are nearly identical, (2) no objections to the appeal are raised, and (3) the appeal period has expired. *General Electric Credit Corp. v. Aetna Casualty & Surety Co.*, 437 Pa. 463, 263 A.2d 448 (1970); *see* 1 Pennsylvania Appellate Practice 2d § 512:2 (1994).

In this case, the orders are nearly identical in that they deal with the same preliminary injunction, no objection was raised by the Township of Concord, and the appeal period has expired. Therefore, we shall not quash this appeal for CRI's failure to adhere to Pa. R.A.P. 512.

2. *Webster's Third New International Dictionary (Webster's)* defines the word ecdysial to mean, "of, or relating to, or functioning in ecdysis." *Webster's Third New International Dictionary* 718 (1981). Ecdysis is defined as "the act of molting or shedding an outer cuticular layer." *Id.* Cuticular is defined as "of or relating to a cuticle or cuticula." *Id.* at 561. A cuticle is commonly defined as "an outermost layer." *Id.* Consequently, *Webster's* defines the term ecdysiast as a "stripteaser". *Id.* at 718.

3. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101—11201.

use of the premises as a place of male and female ecdysial entertainment was in violation of Article 20 of the zoning ordinance, and that CRI must "cease the use of Premises as and for a go-go type bar, entertainment complex and an adult entertainment facility featuring topless female dancers and/or male striptease dancers." This zoning enforcement notice informed CRI of its right to appeal the Zoning Officer's decision to the Township Zoning Hearing Board within 30 days. CRI did not appeal the decision and continued to use the property in disregard of the enforcement notice. The Township then filed an action in equity in the common pleas court seeking to enjoin use of the subject property as an entertainment complex and adult business enterprise featuring topless female dancers and/or male striptease dancers.

A hearing was held, and on October 5, 1994, the common pleas court issued an order granting the Township's request for preliminary injunction. In granting the preliminary injunction, the common pleas court concluded that paragraph 5 of the August 5, 1982 agreement was an *ultra vires* act, because the Board of Supervisors usurped the powers of the Township Zoning Officer under Section 614 of the MPC [4] and Article 62, Section 62–1 *et seq.* of the Township zoning ordinance.[5] Additionally, the common pleas court found that CRI: (1) failed to abide by the zoning enforcement notice issued by the Township Zoning Officer; (2) failed to appeal this zoning enforcement notice; and (3) knowingly and intentionally violated Article 62 of the zoning ordinance since there has been an alteration and/or enlargement and/or extension of the non-conforming use status of

the property since August 5, 1982. The common pleas court order stated that CRI is:

enjoined from conducting any use on the subject property which has not heretofore been approved by either the Zoning Officer of Concord Township or the Concord Township Zoning Hearing Board; or, which is not permitted as a matter of right in a C–1 Local Commercial District; or which has not been approved by either the Zoning Officer of Concord Township or the Concord Township Zoning Hearing Board as an extension, enlargement alteration and/or continuation of the non-conforming use status which may exist on the subject property.

On October 5, 1994, CRI filed a demand for final hearing pursuant to Pa. R.C.P. No. 1531(f)(1),[6] on the basis that the preliminary injunction entered by the common pleas court restrained freedom of expression. A hearing was held on October 7, 1994, after which the common pleas court decided that the injunction merely sought enforcement of the Township's zoning ordinance and did not involve freedom of expression. The common pleas court treated the Rule 1531(f)(1) demand for final hearing as a motion to dissolve the October 5, 1994 preliminary injunction, and denied the motion. CRI's appeal to this Court is docketed at No. 2761 C.D.1994. A request for supersedeas filed with the common pleas court on October 26, 1994 was denied.

Subsequent to the above, the Township filed a petition for contempt and a petition for enforcement of court order in the common pleas court, alleging that CRI and its

---

4. Section 614 of the MPC states:

For the administration of a zoning ordinance, a zoning officer, who shall not hold any elective office in the municipality, shall be appointed. The zoning officer shall meet qualifications established and shall be able to demonstrate to the satisfaction of the municipality a working knowledge of municipal zoning. The zoning officer shall administer the zoning ordinance in accordance with its literal terms, and shall not have the power to permit any construction or any use or change of use which does not conform to the zoning ordinance. Zoning officers may be authorized to institute civil enforcement proceedings as a means of

enforcement when acting within the scope of their employment.
53 P.S. § 10614.

5. Article 62 of the ordinance deals with "Non–Conforming Uses, Buildings, Lots" and sets forth the requirements for having a non-conforming use approved.

6. The explanatory comments to the Rule make clear that the procedure set out therein is unique, in that all the equity pleading rules, and all the equity rules relating to adjudication and *decree .nisi,* become inapplicable and the case proceeds on the special expedited formula to a final decree.

sole shareholder, James Gorman (Gorman), were operating the property in violation of the October 5, 1994 order. On November 2, 1994, after hearing and oral argument, the Township's petition for contempt was granted. CRI filed a supersedeas petition in the common pleas court and a motion to dissolve the preliminary injunction. Both requests were denied. CRI's appeal to this Court is docketed at No. 2804 C.D.1994.

CRI petitioned this Court for a suspension of injunction pending appeal. After a hearing on November 7, 1994, an order was entered November 9, 1994, granting CRI's request for relief insofar as the use is consistent with the non-conforming use status of the property as it existed on August 5, 1982 and denying relief insofar as the preliminary injunction prohibited any use of the complex as an entertainment facility featuring topless female dancers and/or male or female dancers providing entertainment of an ecdysial nature. Suspension of the injunction pending appeal was denied as to the common pleas court's order finding CRI in contempt.

On November 2, 1994, the Township filed preliminary objections to CRI's Answer with New Matter, contending that CRI was not entitled to raise the affirmative defenses contained in its New Matter because such defenses must be raised for the first time before the Township Zoning Hearing Board. On December 22, 1994, CRI filed a praecipe pursuant to Pa. R.A.P. 301(e) with the Delaware County Office of Judicial Support, requesting the entry of an adverse order sustaining the Township's preliminary objections. CRI's appeal of that order is docketed at No. 3217 C.D.1994.

### III. ISSUES ON APPEAL

In its brief to this Court, CRI questions:
(1) Was it error for the court below to enter a preliminary injunction on the basis of the invalidity of an agreement between the parties, an issue raised *sua sponte*, and contrary to the action as plead, tried, and submitted by the litigants?
(2) May the governing body of a municipality enter into binding agreements in settlement of actions in mandamus for issuance of a building permit which include terms respecting the permitted uses of the premises?
(3) In the circumstances in which the lawful non-conforming use of property is determined to include use as an entertainment facility,
 (a) do the procedural due process protections of matters involving freedom of expression as a prompt judicial determination extend to zoning disputes as to the nature of the particular entertainment which may be presented notwithstanding the jurisdictional provisions of the MPC; and,
 (b) if not, are the jurisdictional and procedural provisions of the MPC as applied to matters involving freedom of expression valid?
(4) If the procedural due process requirements respecting matters involving freedom of expression are applicable, is the party affected entitled to a full and complete hearing in court regardless of legal bars applicable to other zoning matters, when procedures under the MPC are not pursued?

### IV. DISCUSSION

#### A. No. 2761 C.D.1994

##### 1. The preliminary injunction.

■ This Court's scope of review in appeals from a common pleas court's grant of a preliminary injunction is limited to determining whether reasonable grounds existed for the order or whether the rule of law relied upon was palpably erroneous or misapplied. *Township of Little Britain v. Lancaster County Turf Products, Inc.*, 146 Pa.Commonwealth Ct. 211, 604 A.2d 1225 (1992).

In its February 7, 1995 opinion, the common pleas court described the effect of the injunction as "restoring the parties to the *status quo* prior to the Appellant commencing topless dancing." (Trial Court Opinion at 9 (February 7, 1995)). As mentioned above, the common pleas court issued the preliminary injunction because:

Appellant admitted it violated the August 22, 1994 Cease and Desist Notice; Appellant admitted it never followed the appeal

procedures; the use of the subject property was not approved by the Zoning Officer or the Zoning Hearing Board; the use was not permitted as a matter of right in the C-1 Local Commercial District; and the use was not approved by the Zoning Officer or the Zoning Hearing Board as an extension, enlargement, alteration and/or continuation of the nonconforming use status which may exist on the subject property.

(Trial Court Opinion at 11 (February 7, 1995)).

■■■■ It is the law in this Commonwealth that if after receiving an enforcement notice, the landowner continues an allegedly unlawful use without appealing in accordance with the provisions of the MPC and the local zoning ordinance, Section 616.1(c)(6) of the MPC dictates a conclusive determination of violation, entitling a municipality to proceed to court and seek enforcement under Section 617.2 of the MPC. *Township of Maidencreek v. Stutzman*, 164 Pa.Commonwealth Ct. 207, 642 A.2d 600 (1994). Under the facts of this case, we determine that an injunction prohibiting CRI from using the subject property as a "gentleman's club" featuring ecdysial entertainment was proper, as CRI received a zoning enforcement notice and failed to appeal that zoning enforcement notice within the prescribed period of time, *i.e.*, 30 days. Accordingly, we affirm the injunction in this regard.

■■■■ The common pleas court also addressed the validity of paragraph 5 of the December 5, 1982 agreement, finding that the Township Board of Supervisors acted in an *ultra vires* manner in entering into that agreement. Consequently, the common pleas court voided that portion of the agreement. We find that the common pleas court erred in this regard, as neither party to this action challenged the validity of the agreement. Moreover, the Township, in paragraph 3 of its complaint in equity, concedes the validity of the agreement. Accordingly, the common pleas court's reliance upon the voiding of paragraph 5 of the agreement was not a reasonable basis for enjoining CRI's use of the subject property as a "gentleman's club." This error on the part of the common

pleas court was, however, harmless error, as the violation of the procedural dictates of the MPC, standing alone, constitutes a reasonable basis for the issuance of the preliminary injunction.

We must emphasize that our ruling in this matter is not a final determination on the merits; it is a determination that the common pleas court had reasonable grounds for issuing the preliminary injunction and the rule of law relied upon was neither palpably erroneous nor misapplied.

Accordingly, the common pleas court's order of October 5, 1994 order is affirmed.

## 2. The freedom of expression

■■■ CRI argues that even though the common pleas court may have been correct in issuing the preliminary injunction, we must dissolve the injunction because the common pleas court erred in its October 7, 1994 order determining that the preliminary injunction did not involve the freedom of expression, and also erred, because no final hearing on the preliminary injunction was convened in conformity with Pa. R.C.P. No. 1531(f)(1). The common pleas court, in making its decision, found that the injunction on its face did not involve freedom of expression because the injunction was issued on the basis of CRI's failure to follow the procedural dictates of the Township zoning ordinance and the MPC. The common pleas court also based the issuance of the injunction on that court's *sua sponte* voiding of paragraph 5 of the August 5, 1982 agreement between CRI and the Township.

CRI argues that the preliminary injunction issued October 5, 1994 involves the freedom of expression because it enjoins CRI from operating its property as and for a "gentleman's club" featuring ecdysial entertainment. CRI further argues that because the freedom of expression is involved, the common pleas court was required to convene a full and final hearing on the underlying merits of the complaint in equity within three days of the date of that demand pursuant to Pa. R.C.P. No. 1531(f)(1).

In essence, CRI is arguing that if this case involves freedom of expression, Pa. R.C.P.

No. 1531(f)(1) applies, and CRI is relieved from compliance with the procedural dictates of the Township zoning ordinance and the MPC. CRI further argues that Pa. R.C.P. No. 1531(f)(1) allows them to proceed to a full and final hearing on the underlying merits of the complaint in equity, with all procedural bars caused by its neglecting to timely appeal to the zoning hearing board removed. We must disagree.

Rule 1531(f)(1) states:

> When a preliminary or special injunction involving freedom of expression is issued, either without notice or after notice and hearing, the court shall hold a final hearing within three (3) days after demand by the defendant. A final decree shall be filed in the office of the prothonotary within twenty-four (24) hours after the close of the hearing. If the final hearing is not held within the three (3) day period, or if the final decree is not filed within twenty-four (24) hours after the close of the hearing, the injunction shall be deemed dissolved.

Pa. R.C.P. No. 1531(f)(1). The explanatory comments to the Rule make clear that the procedure set out therein is special in nature, in that "all the equity pleading rules and all the equity rules relating to adjudication and *decree nisi* become inapplicable and the case proceeds on the special expedited formula to a final decree." The Supreme Court of Pennsylvania, in *School District of Pittsburgh v. Pittsburgh Federation of Teachers, Local 400, American Federation of Teachers, AFL–CIO*, 486 Pa. 365, 406 A.2d 324 (1979), explained Rule 1531(f)(1) as follows:

> This rule came into being following the decision of the United States Supreme Court in *Freedman v. Maryland*, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965) and this Court's decision in *Duggan v. 807 Liberty Ave., Inc.*, 447 Pa. 281, 288 A.2d 750 (1972). *Those holdings require state procedures insuring a prompt and final judicial determination* when injunctions are sought involving freedom of expression.

*Id.* at 369, 406 A.2d at 326 (emphasis added). The purpose of Rule 1531(f)(1) is to ensure that injunction proceedings are conducted in a manner that exhibits the "necessary sensitivity to freedom of expression." *Duggan v. 807 Liberty Ave., Inc.*, 447 Pa. 281, 290, 288 A.2d 750, 754 (1972). Thus, Pa. R.C.P. No. 1531(f)(1) requires that where there is freedom of expression, the judicial timetable for final determination of an injunction is shortened. We find that neither the language contained in the rule nor applicable case law relieves CRI of compliance with the MPC.

The genesis of the preliminary injunction is the issuance of a zoning enforcement notice for violation of the Township zoning ordinance and the MPC. However, we must also examine the relationship between the facts of this case and the MPC. We do so because it was only after CRI neglected to comply with the Township zoning ordinance and the appeal process set out in the MPC that the Township sought enforcement in the nature of a preliminary injunction.

The legislature enacted the MPC to function as a mandate for unified regulation of land use and development, and sets forth procedures which allow landowners and others to challenge municipal decision making in this area, while balancing the interests of the municipalities and landowners. *Gary D. Reihart, Inc. v. Township of Carroll*, 487 Pa. 461, 409 A.2d 1167 (1979). The Township zoning ordinance was enacted under the auspices of the MPC and mirrors the language of the MPC.

■ The Supreme Court of Pennsylvania has long held that the statutory remedy prescribed by the legislature is the exclusive remedy for one aggrieved by the actions of a zoning enforcement officer, and neither actions in equity nor actions at law will lie to challenge the validity or constitutionality of the application of a municipality's zoning ordinance. *Pittsburgh Outdoor Advertising Company v. City of Clairton*, 390 Pa. 1, 10, 133 A.2d 542, 546 (1957). The MPC requires that upon issuance of a zoning enforcement notice, the cited party must appeal to the municipality's zoning hearing board,[7] at which time it is entitled to fully litigate all claims. *City of Philadelphia v. Budney*, 396

---

7. Section 909.1(a)(3) of the MPC, 53 P.S. § 10909.1(a)(3).

Pa. 87, 151 A.2d 780 (1959). A landowner who refuses to appeal to the municipality's zoning hearing board is precluded from raising defenses that could have been raised before the zoning hearing board in the municipality's action in equity to enforce compliance with the zoning ordinance. *Beiler v. Salisbury Township*, 79 Pa.Commonwealth Ct. 213, 468 A.2d 1189 (1983). Courts of this Commonwealth will not allow litigants to "avoid the initial decision of the duly empowered legislative body by attempting an end run." *Zimmerman v. Zoning Board of Adjustment of the City of Philadelphia*, 540 Pa. 13, ——, 654 A.2d 1054, 1057 (1995).

In this case, if CRI had taken the affirmative step of appealing the zoning enforcement notice in conformity with the MPC, there would have been no conclusive determination of violation under Section 616.1(c)(6) of the MPC,[8] and the Township would have been unable to proceed to court and seek the preliminary injunction pursuant to Sections 617.1 and 617.2 of the MPC.[9] *Township of Maidencreek*, 164 Pa.Commonwealth Ct. at 213, 642 A.2d at 602. Thus, the preliminary injunction that is the basis of CRI's challenge under Pa. R.C.P. No. 1531(f)(1), could not have issued if CRI had appealed to the Township Zoning Hearing Board.

■ The Rules of Civil Procedure promulgated by the Supreme Court have the same force and effect as statutes passed by the legislature. *Lohmiller v. Weidenbaugh*, 503 Pa. 329, 469 A.2d 578 (1983). However, the courts of this Commonwealth will not unnecessarily construe a rule of civil procedure in a manner that would conflict with the clear and express mandate of the legislature. *See Sha-*

*piro v. Magaziner*, 418 Pa. 278, 210 A.2d 890 (1965).

In construing all sections of the MPC, we are guided by the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991 (Act). The Act is very clear that "[w]hen the words of a statute are clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). The language of Section 909.1 clearly and unambiguously states that:

> [t]he zoning hearing board shall have *exclusive jurisdiction* to hear and render final adjudications in the following matters:
>
> . . . .
>
> (3) Appeals from the determination of the zoning officer, including but not limited to . . . the issuance of *any cease and desist order. . . .*

53 P.S. § 10909.1(a)(2) (emphasis added). Consequently, we are bound to give full effect to this language.

The express mandate of the legislature, embodied in Section 909.1 of the MPC, required CRI to appeal the issuance of the zoning enforcement notice to the Township Zoning Hearing Board;[10] CRI caused the issuance of the preliminary injunction by neglecting to do so. This Court will not act to rescue a litigant who has disregarded the clear and express legislative mandate by neglecting to avail itself of exclusive administrative remedies.

Further, we agree with the common pleas court that a constitutional right is not involved. The type of expression CRI is alleging is topless dancing. The Supreme Court of the United States, in *Barnes v. Glen The-*

---

**8.** 53 P.S. § 10616.1(c)(6).

**9.** 53 P.S. §§ 10617.1, 10617.2.

**10.** CRI argues the importance of freedom of expression and that courts must construe Pa. R.C.P. No. 1531(f)(1) to preserve freedom of expression at all costs. However, CRI, by choosing this route, has postponed all relief to which it may have been entitled for a period of time that is much greater than if the proper appeal procedures contained in the MPC had been pursued.

The MPC requires that, "[t]he hearing shall be held within 60 days from the date of the applicant's request, unless the applicant has agreed in

writing to an extension of time." Section 908(1.2) of the MPC, 53 P.S. § 10908(1.2). "The board . . . shall render a written decision or, when no decision is called for, make written findings on the application within 45 days after the last hearing before the board. . . ." Section 908(9) of the MPC, 53 P.S. § 10908(9).

Thus, if CRI had followed the appropriate appeal process, it would have had a hearing within 60 days, a decision within 45 days, and, if an adverse result had followed, a complete and proper record upon which to appeal to the common pleas court.

*atre's, Inc.,* 501 U.S. 560, 111 S.Ct. 2456, 115 L.Ed.2d 504 (1991), reviewed the application of the state of Indiana's public indecency statute to totally nude dancing, and held that nude dancing is a form of expression, but one which is only marginally protected by the outer limits of the First Amendment to the United States Constitution.

However, *Barnes* is distinguishable from the case *sub judice* because in that case, the subject statute, a public indecency law, sought to specifically regulate conduct, i.e., nude dancing. In the case at hand, CRI's claims of freedom of expression emanate from the Township's proper exercise of its power to enforce the zoning ordinance.

CRI argues that by returning to the *status quo* before topless dancing was commenced on the premises clearly involves the freedom of expression because doing so stops the exhibition of topless dancing. However, the preliminary injunction that CRI alleges is impinging upon freedom of expression resulted from CRI's failure to appeal the zoning enforcement notice issued by the Township zoning officer to the zoning hearing board. CRI's argument goes astray in this regard, because raising the specter of the First Amendment in a preliminary injunction proceeding to enforce a municipality's zoning ordinance will not vitiate the fact that the injunction was issued not to restrain conduct, but was issued because CRI neglected to appeal in conformity with the clear and express intention of the legislature as embodied in the MPC. *See Appeal of R.C. Maxwell Co.,* 120 Pa.Commonwealth Ct. 251, 548 A.2d 1300 (1988).

■ The Township, pursuant to its police powers, is able to regulate the use of land. *Hill v. Zoning Hearing Board of Maxatawny Township,* 142 Pa.Commonwealth Ct. 539, 597 A.2d 1245 (1991). The basis of the cease and desist order in this case was to enforce the Township's zoning ordinance. Specifically, the Township cited CRI for violation of Section 2002 of the zoning ordinance, which does not permit the challenged use of the premises either by right or by special exception. CRI was also cited for violation of Township Zoning Ordinance No. 156, which requires zoning use approval prior to the

occupancy, use, or change in use of any land or building or portion thereof in the Township. These violations were not directed at specific conduct, but rather were directed at use of the property.

Thus, the preliminary injunction in this case was not issued on the basis of specific conduct, but rather to enforce the Township's land use regulations. Therefore, we agree with the common pleas court that this matter does not involve the freedom of expression because the preliminary injunction that CRI complains is impinging upon freedom of expression is not directed at conduct, but rather is a proper exercise of the Township's ability to enforce its land use regulations pursuant to its police powers.

The common pleas court was correct in its resolution of this matter because to act otherwise is contra to the stated purposes of the MPC and well-settled judicial precedent. Accordingly, the common pleas court's October 7, 1994 order is affirmed.

### B. No. 2804 C.D.1994

■ In this appeal, CRI is challenging the common pleas court's November 2, 1994 order finding CRI in contempt for knowingly, willfully, and intentionally continuing to operate the subject property in violation of the October 5, 1994 order. Since the dominant purpose of the contempt in this case is to compel compliance with the common pleas court's order, it is civil contempt. *Richland Township v. Prodex, Inc.,* 166 Pa.Commonwealth Ct. 313, 646 A.2d 652 (1994).

In this case, the order of contempt reads as follows:

(1) Said Petition is GRANTED and defendant Concord ranch, Inc. and Respondent James H. Gorman have violated this Court's Order dated October 5, 1994, and is [sic] in Civil Contempt of Court;

(2) Commencing immediately, the Delaware County Sheriff's Department shall post a Deputy Sheriff outside of the establishment owned by Defendant Concord Ranch Inc., located on Baltimore Pike, Concord Township, commonly known as 'Pulsations Nightclub and Dinner Theatre' to prohibit patrons or customers from en-

tering the premises and the Sheriff's costs for performing the aforesaid service shall be *assessed against James H. Gorman;*

(3) The Delaware County Sheriff's Department shall not prevent employees, owners, corporate officers, workmen or other non-patrons or non-customers from entering upon the premises; and

(4) The Delaware County Sheriff's Department shall continue to prohibit all customers or patrons from entering · upon the aforesaid premises until further order of court.

(5) *Respondent James H. Gorman shall pay the sum of Five Hundred Dollars ($500.00) per day for every day that James H. Gorman operates any use on the subject premises in violation of the terms and conditions of this court's Order dated October 5, 1994.*

(Emphasis added.)

■■■ Unless otherwise permitted by statute, appellate review by the courts of this Commonwealth is limited to consideration of final orders of lower tribunals.[11] Pennsylvania Rule of Appellate Procedure 341 defines a final order as any order that

(1) disposes of all claims or of all parties; or

(2) any order that is expressly defined as a final order by statute; or

(3) any order entered as a final order pursuant to subsection (c)[12] of this rule.

Pa. R.A.P. 341(b). An order finding a party in civil contempt may be appealable as a final order if the order executes on sanctions which were imposed. *DeMasi v. DeMasi,* 408 Pa. Superior Ct. 414, 597 A.2d 101 (1991), *petition for allowance of appeal denied,* 535 Pa. 619, 629 A.2d 1380 (1993). However, if the sanctions are not yet executed upon, but

may be imposed in the future, the order is interlocutory. *Id.*

■■■ The terms of this order direct monetary sanctions against James H. Gorman for failure to comply with the common pleas court's October 5, 1994 order. The sanctions against Gorman are both future and present in nature. The $500.00 per day fine referenced in the order is future in nature because it will not be imposed unless Gorman continues to violate the common pleas court's order. The costs for the posting of the Delaware County Sheriff at the premises is present in nature because this sanction is currently being imposed. Therefore, since the order imposes sanctions that are currently being executed upon, it is appealable as. a final order.

■■■ In examining the notice of appeal in this case, we note that Gorman has not appealed.[13] Pursuant to Pa. R.A.P. 908, "[a]ll parties to the matter in the court below shall be deemed parties in the appellate court ... [and a]ll parties in the appellate court other than the appellant shall be appellees...." Commentary to Pa.R.A.P. 908 states that "any 'deemed' appellee who supports the position of the appellant would seem to be limited to the issues raised by the appellant.... Accordingly, it behooves a party who seeks to challenge a trial court order ... to file a separate appeal or cross appeal, thus becoming an appellant in the appellate court." 1 Pennsylvania Appellate Practice 2d, § 908:3 (1994). Therefore, because Gorman has not filed a separate appeal or cross appeal in this case, we conclude he is a "deemed" appellee under Pa. R.A.P. 908 and as such is limited to those issues raised by CRI on appeal.

■■■ In reviewing CRI's brief on appeal, we conclude that CRI has failed to act in conformity with Pa.R.A.P. 2116(a)[14] by not

---

11. Pa.R.A.P. 341.

12. The situation presented in this case renders Rule 341(c) inapplicable.

13. While Gorman is the sole owner and shareholder of CRI, the sanctions for contempt were imposed against him individually. His status alone will not make him an appellant in this matter. *See* Pa.R.A.P. 908.

14. Rule 2116(a) states in pertinent part:

The statement of the questions involved must state the question or questions in the briefest and most general terms, without names, dates, amounts or particulars of any kind.... This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily, no point will be considered which is not set forth in the statement of the questions involved or suggested thereby.

including any issue addressing the contempt order in its statement of questions involved.[15] The failure of a party to act in conformity with Pa.R.A.P. 2116(a) constitutes a waiver of the issue. *Triage, Inc. v. Department of Transportation,* 113 Pa.Commonwealth Ct. 348, 537 A.2d 903 (1988). Therefore, CRI, by failing to raise any issues questioning the propriety of the contempt order in its statement of the questions involved, has waived all challenges to the contempt order, and Gorman, by failing to enter an appeal on his own behalf, has likewise waived these challenges.

Accordingly, because there are no issues properly presented for this Court's review, we are unable to conduct appellate review of the order in question, and CRI's appeal is quashed.

### C. No. 3217 C.D.1994

 In this appeal, CRI is challenging a deemed adverse order entered by the Office of Judicial Support pursuant to Pa. R.A.P. 301(e) that dismissed with prejudice all defenses raised in CRI's Answer with New Matter to the Township's complaint in equity. We conclude that CRI's use of this procedural rule was improper.

CRI would have this Court review its use of Pa.R.A.P. 301(e) in a vacuum. However, we are required to review Pa.R.A.P. 301(e) in the context of all provisions of Pa.R.A.P. 301.

We begin our analysis by noting that the general rule in Pennsylvania is that a formal appealable order is an order that has been "entered upon the appropriate docket of the lower court." Pa.R.A.P. 301(a). Failure of the order to be properly docketed below renders the order unappealable. Pa.R.A.P. 301(b).

Pa. R.A.P. 301(e) states the following, in pertinent part:

Where the exigency of the case is such as to impel an immediate appeal and the party intending to appeal *an adverse action* is *unable to secure the formal entry of an appealable order pursuant to the usual procedures,* the party may file in the lower court and serve a praecipe for entry of an adverse order, which action shall constitute entry of an appealable order for the purposes of these rules....

(Emphasis added). Thus, a prerequisite to filing a praecipe for an adverse order pursuant to Pa. R.A.P. 301(e) is that a court enters an order, but fails to reduce that order to writing. In such a case, the order is not of record, and thus not appealable.

Pa.R.A.P. 301(a) and (b) prohibit appeal until the order is docketed. Pa.R.A.P. 301(e) is the vehicle by which the aggrieved party, upon showing exigent circumstances and an inability to secure entry of the formal order through the usual procedures, may request that the adverse action of the trial court be reduced to writing and entered upon the docket.

In this case, the common pleas court took no action on the Township's preliminary objections prior to CRI petitioning the Delaware County Office of Judicial Support [16] for the adverse order pursuant to Pa.R.A.P. 301(e). Thus, CRI improperly requested entry of an order pursuant to Pa.R.A.P. 301(e).

Therefore, we determine that CRI has failed to present an appealable order in this case. Accordingly, CRI's appeal in the above-captioned matter is quashed.[17]

### V. CONCLUSION

In case No. 2761 C.D.1994, the common pleas court's October 5, 1994 order granting the Township's preliminary injunction is affirmed. The common pleas court's October

Pa.R.A.P. 2116(a).

---

**15.** The argument section of CRI's brief addresses the contempt order only in the context of the preliminary injunction and the possible automatic dissolution thereof for the common pleas court's failure to comply with Pa. R.C.P. No. 1531(f)(1). See CRI's Brief at 27.

Based on our resolution of the Rule 1531(f)(1) issue, discussed above, CRI's argument that the contempt order is a nullity is without merit.

**16.** In Delaware County, the Office of the Prothonotary is titled the Office of Judicial Support.

**17.** We note that this order returns the preliminary objections to the common pleas court for that court's consideration.

7, 1994 order is affirmed. Also, this Court's November 9, 1994 order partially granting CRI's petition for suspension of injunction pending appeal is vacated.

The appeal docketed at No. 2804 C.D.1994 is quashed. CRI's appeal docketed at No. 3217 C.D.1994, is quashed.

### ORDER in No. 2761 C.D.1994

AND NOW, this 17th day of August, 1995, (1) The October 5, 1995 order of the Court of Common Pleas of Delaware County enjoining Concord Ranch, Inc.'s use of the subject property as a "gentleman's club" featuring male or female topless and/or ecdysial entertainment is affirmed; (2) the October 7, 1994 order of the Court of Common Pleas of Delaware County in the above-captioned matter is affirmed. (3) The November 9, 1994 order of this Court partially suspending the injunction pending appeal is vacated.

### ORDER in No. 2804 C.D.1994

AND NOW, this 17th day of August, 1995, the appeal of Concord Ranch, Inc., in the above-captioned matter is quashed.

### ORDER in No. 3217 C.D. 1994

AND NOW, this 17th day of August, 1995, the appeal of Concord Ranch, Inc., in the above-captioned matter is quashed.