Francis J. PULEO and Richard J. Puleo, d/b/a Signature Properties, Appellants,

v.

ZONING HEARING BOARD OF SCHUYLKILL TOWNSHIP.

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1998.

Decided Jan. 7, 1999.

Henry T. Crocker, Pottstown, for appellants.

Robert J. Sugarman, Philadelphia, for appellee.

Before DOYLE, J., FLAHERTY, J., and MIRARCHI, Jr., Senior Judge.

DOYLE, Judge.

Francis and Richard Puleo, doing business as Signature Properties (collectively, Signature), appeal from an order of the Court of Common Pleas of Chester County which had affirmed a decision of the Zoning Hearing Board of Schuylkill Township (Board), which had denied Signature's application for a building permit and its application to continue a preexisting nonconforming use.

Signature's property is located in a Limited Industrial (LI) Zone of Schuylkill Township. It had purchased the property on April 24, 1987, and, at the time of purchase, the property had two standing billboards on it. Although billboards are generally prohibited in the LI district, the two billboards had been on the property since before the enactment of the zoning ordinance in 1955 and, therefore, constituted a lawful preexisting nonconforming use.

Following Signature's purchase of the land, a dispute arose between it and Penn Advertising Company over who owned the billboards. The dispute culminated on May 29, 1987, when Penn advertising entered onto

the land and cut down the billboards with a chainsaw. Before Penn Advertising could remove the billboards from the property, however, the Puleos called the local police and prevented Penn Advertising from hauling away the remains of the destroyed billboards.[1]

In the summer of 1987, Signature, without first securing a building permit, reconstructed the billboards. On August 5, 1987, the Township, after becoming aware of the unauthorized reconstruction of the billboards, issued an oral cease and desist order which was followed by a written order. Signature nonetheless, despite the cease and desist order and despite not having a building permit, completed the reconstruction of the billboards some time during the summer of 1987.

On August 24, 1988, Signature filed an application for a building permit, which the Township denied. Signature then made application for the continuation of the billboards as a preexisting nonconforming use from the Board, as well as a review of the denial of its building permit application, under Section 1900(D) of the Schuylkill Township Zoning Ordinance (Ordinance) which provides as follows:

D. *Restoration.* Any lawful non-conforming building or other structure which has been **involuntarily** damaged or destroyed by fire, explosion, windstorm, or other similar active cause, may be reconstructed in the same location, PROVIDED that: 1) the reconstructed building or structure shall not exceed the height, area, or volume of the damaged or destroyed building or structure, except as provided in paragraph "B" of this Section, herein above, and 2) reconstruction shall begin within one (1) year from the dat[e] of damage or destruction and shall be carried on without interruption.

E. *Discontinuance of Use.* If a lawful non-conforming use of a building or other structure is discontinued for a continuous period of one (1) year or more, ... subsequent use of such ... structure ... shall be in conformity with the provisions of this Ordinance.

(Ordinance, Section 1900(D)-(E).) (Emphasis added.)

Following testimony from Richard Puleo and the previous owner of the property, as well as from a representative of Penn Advertising, the Board issued a decision on January 24, 1989, denying Signature's request to continue the nonconforming use and denied Signature's request for a building permit. Specifically, the Board concluded that the billboards were not **involuntarily** damaged because Penn Advertising, the owner of the billboards, had purposely and intentionally cut them down. In addition, the Board further concluded that Signature did not satisfy the second requirement of Section 1900(D), *i.e.*, reconstructing the billboard within one year of its destruction, because it failed to apply for and secure a building permit prior to the reconstruction of the billboards. The billboards were, in effect, illegal structures even though they were actually physically rebuilt within one year of their destruction. Signature appealed from this decision to the Court of Common Pleas of Chester County.

On appeal, Common Pleas, taking no additional evidence, concluded that the Board correctly found that the billboards had been destroyed **voluntarily** by their owner, Penn Advertising. In addition, Common Pleas concluded that Signature did not comply with the Ordinance because it failed to reconstruct the billboards within one year after their destruction. Although Common Pleas observed that Signature had physically reconstructed the billboards within three months, it concluded that this act was a nullity because Signature failed to obtain the necessary building permit prior to their reconstruction. This appeal by Signature followed.

■ On appeal,[2] Signature presents two arguments for our consideration: (1) whether

---

1. Penn Advertising later sought relief in a proceeding before a district justice who determined that Penn Advertising, rather than Signature, owned the billboards. Signature filed no appeal from that decision.

2. Where, as in the instant matter, the Court of Common Pleas has taken no additional evidence, our standard of review is limited to determining whether the Board abused its discretion, committed an error of law or made findings of fact

Common Pleas correctly concluded that Signature's failure to obtain a building permit prior to reconstruction rendered the reconstruction a nullity; and (2) whether the Court erred by concluding that the billboards were voluntarily destroyed.[3]

Section 2001 of the Ordinance provides as follows:

A permit shall be required prior to the erection or alteration of, or addition to, any building or other structure or portion thereof. It shall be unlawful for any person to commence work for the erection or alteration of, or addition to, any building or other structure or portion thereof until a building permit has been duly issued therefor.

(Ordinance, Section 2001.) Signature does not challenge the validity of this provision. Rather, Signature acknowledges that it did not secure a permit prior to rebuilding the billboards, but argues, nevertheless, that, because it physically erected the new billboards within one year, it complied with the Ordinance and was entitled to continue the nonconforming use on the property, regardless of whether or not it secured a building permit prior to rebuilding the billboards. We disagree.

Although our research has revealed no cases directly on point, we believe that the instant case is closely analogous to an instance where a landowner applies for and secures a building permit through misrepresentation or fraud. In those cases, we have concluded that, although a property owner commences construction or repair of an existing property under the guise of a valid building permit, if it is later determined that such a permit was secured through fraudulent means, the landowner can be ordered to remove the structure because the owner has acquired no rights in the illegal structure. *See D'Emilio v. Board of Supervisors,* 157 Pa.Cmwlth. 64, 628 A.2d 1230 (Pa.Cmwlth. 1993). It follows, therefore, that, if a person who applies for and secures a building permit through fraudulent means acquires no rights in the structure, then a person who completely ignores the requirement of securing a building permit altogether also cannot acquire any vested right in the structure.[4] *Id.;* *see also Beiler v. Salisbury Township,* 79 Pa.Cmwlth. 213, 468 A.2d 1189 (Pa.Cmwlth. 1983). Moreover, the fact that the billboards which had been reconstructed would comply with the Ordinance as a continuation of an otherwise permissible preexisting nonconforming use if a permit *had* been secured is irrelevant. *D'Emilio.* Although it is debatable whether the continued use would have been a *lawful* continuation of a preexisting nonconforming use because the owner of the billboards, Penn Advertising, lawfully had destroyed the billboards and thereby intentionally discontinued the use, that issue need not be reached because of our resolution of the first issue.

▆▆▆▆ Last, Signature argues that its violation of the Ordinance should be excused because the Township's remedy for such violation should have been to commence an equitable action to enjoin the reconstruction of the billboards. Although we agree with Signature that equitable remedies were available to the Township and that, indeed, this Court has upheld the validity of equitable actions taken by other local agencies within the context of zoning enforcement, *see D'Em-*

not supported by substantial evidence. *Pittsburgh Trust for Cultural Resources v. Zoning Board of Adjustment,* 145 Pa.Cmwlth. 503, 604 A.2d 298 (Pa.Cmwlth.1992), *petition for allowance of appeal denied,* 538 Pa. 618, 645 A.2d 1320 (1994).

3. We note that Signature's brief is entirely single spaced and, therefore, is not in compliance with the Rules of Appellate Procedure, specifically, Pa. R.A.P. 124(a)(3).

4. We note that, by its dictionary definition, an unlawful act has no legal effect. An "unlawful" act is defined as follows:

That which is contrary to, prohibited, or unauthorized by law. That which is not law-

ful. The acting contrary to, or in defiance of the law; disobeying or disregarding the law. Term is equivalent to "without excuse or justification." ... While necessarily not implying the element of criminality, it is broad enough to include it....

Term as applied to agreements and the like, denotes they are ineffectual in law, for they involve acts which, though not positively forbidden, are disapproved by law and are therefore not recognized as ground of legal rights because they are against public policy.

Black's Law Dictionary 1536 (6th ed.1990) (emphasis added) (citations omitted).

*ilio; Beiler,* such a decision by the Township does not excuse Signature's violation of the Ordinance by failing to secure a building permit prior to construction, nor does it convey any right to continue the nonconforming use of the billboards by Signature. Signature's failure to obtain a building permit, therefore, made the effect of its reconstruction a nullity. Accordingly, we conclude that Signature did not *legally* reconstruct its billboards within the required one year, and, as a result, the nonconforming use was terminated due to lapse of time. *See* Section 1900(E) of the Ordinance.

Order affirmed.

**ORDER**

NOW, January 7, 1999, the order of the Court of Common Pleas of Chester County in the above-captioned matter is hereby affirmed.